The PEOPLE, *ex relat.* CORLESS, *against* ANTHONY.

Where a justice proceeds under the *third* section of the " act to prevent forcible entries and de-tainers," it is not necessary that the justice should previous-ly go in person to view and re-cord the force. *It seems* that the traverse to an indictment for a forcible entry and detainer need not be in writing. On an indictment for a forcible entry and detainer, the jury may find the defendant guilty of the detainer only.

A *fine* is required t. be imposed against the party, in a case of forcible entry and detainer, only where there is a conviction upon view, according to the first section of the act.

THIS was a case of a forcible entry and detainer, brought before this court by *certiorari*. From the return to the *certiorari*, the following facts appeared. On the 19th day of *September*, 1805, at *Easton*, in *Washington* county, *Corless* complained of a forcible detainer by *Anthony*, of a farm and messuage in *Easton*, and the justice having satis-fied himself of the truth of the complaint, issued his pre-cept to the sheriff to summon a grand jury to meet on the 21st of *September*, and on the same day he caused a written

notice of the summoning of the inquest to be given to *An-thony*. The parties met on the day, and the jury appeared and were duly sworn and charged to inquire of the complaint. After hearing the evidence, the jury returned an INQUISITION, under seal, on the same day, stating, that *Corless* was, on the 18th *September*, 1805, seised of a farm and messuage, in *Easton*, for a term of years, yet unexpired, and that *Anthony* forcibly entered and expelled him, and from that day did forcibly keep him out. *Anthony* pleaded to the inquisition, not guilty. The justice thereupon, on the 23d *September*, issued a precept to the sheriff to summon a *petit* jury to meet on the 29th of *September*, to try the traverse. On that day the parties met, and the sheriff returned the jury, who were sworn, and after hearing the proofs and allegations of the parties, found the defendant guilty. The justice thereupon adjudged that restitution be made, and that the defendant should pay to the plaintiff for his damages, 24 dollars.

This case was submitted, without argument.

KENT, Ch. J. delivered the opinion of the court. 1. The first objection to this proceeding is, that it does not appear that the justice, after the complaint made, went to view, or that he recorded, the force. The record states, that the justice " having first satisfied himself of the truth of the complaint," did issue his precept. The act says, (11th sess. c. 6. s. 2.) that the justice, after complaint, shall, " within a convenient time, go to the place and remove the force, and take the power of the county with him, if need be, and shall have authority to inquire by the people of the county, and shall cause the lands to be reseised," &c. These directions are in the second section of the act, and seem to apply to a summary remedy by the act of the justice alone. But the third section of the act contains the provisions under which modern proceedings by indictment are generally conducted. This section supersedes the necessity of the justice previously going in person to view and record

the force.   Both proceedings cannot be necessary at the same time, and though the third section says, that " when the justice makes such inquiries," he shall issue his precept, this is not to be construed as imperative upon him to have a previous view and record of the force, so as to render the proceedings erroneous without such previous view.   The statute requires a  more reasonable interpretation ; and the reason why the statute appears to contain provisions, apparently inconsistent with each other, or superfluous, is, that the statutes of the 5 R. II. the 15 R. II. the 8 H. VI. and the 31 Eliz. on this subject, are all literally copied, in succession, into our statute, though the latter English statutes enlarged  and  improved  upon  the  more  imperfect  remedy given by the two first statutes.   The  third section of our statute is taken from that of 8 H. VI. and it must be construed as affording a distinct and more specific remedy than that contained in the former sections.

2. A second  objection taken is,  that the indictment does not  show before whom it is was found.   But this objection does not  appear to be true, in point of fact.   The record states, that Henry Van Schaick, one of the justices of the peace, in and for the county of Washington, issued his precept for the  grand  jury ; that the sheriff of the  county of Washington summoned and returned the  panel of the  same to the justice ; that the jurors  were  called,  tried,  approved of,  and  sworn  by  the  justice,  and  by  him  duly charged to inquire respecting the complaint ; that the jurors heard the evidence touching the same, and then, on the same day and place, delivered to him, the said justice, their inquisition.   This is,  therefore,  to  all intents and purposes, a sufficient caption to the indictment, for it states every thing which ought to  precede  an indictment, to show that it was taken before a magistrate having jurisdiction in the case.

3. The next  objection is,  that there was  no legal traverse, because it is not shown to have been in writing.   The record states, that " the indictment being  read  to  the defendant by the  justice, he  pleaded thereto, that he was not

guilty of the premises in the said indictment by the said jurors found." The words of the statute are, " that if any person who shall be indicted upon this act before such justice, shall immediately traverse such indictment, then the justice shall make a precept," &c. There is nothing in the statute requiring this traverse of the force to be in writing; and though *Hawkins* says, (b. 1. c. 64. s. 58.) that it must be done in writing, and not by a bare denial of the force by parol, yet none of the authorities to which he refers, appear to support this position, and it is against all the rules of pleading in criminal cases. Whether the traverse in the present case was, or was not in writing, does not appear by the record; and if it really were necessary that it should be in writing, I should contend from this record that it was so, for it was received and acted upon as a competent plea. But the defendant below having put in this plea, and acted upon it, he cannot now be permitted to come here, and allege that his own plea was bad. This, of itself, is a decisive answer to the objection.

4. Another objection is, that the conviction is not warranted by the indictment, as the latter is for a forcible entry and detainer, and the former of a detainer only.

There is no weight in this objection. On an indictment for a forcible entry and detainer, the *petit* jury may find the defendant guilty of the detainer only, for a writ of restitution will equally go, as if the conviction had reached to the whole indictment, and the assessment of the damages will be in proportion to the degree of guilt or injury. On an indictment for grand larceny, the defendant may be found guilty of *petit* larceny only, or on an indictment for robbery or burglary, he may be found guilty of simple larceny, and on an indictment for murder, the verdict may be for manslaughter, and these several convictions will be good. The same reason applies to the present case.

5. The last objection which I shall notice is, that the justice ought to have set a fine upon view of the force. The record states, that after the verdict and award of restitu-

tion, the justice did " adjudge, that the said *Anthony* pay to the said *Corless*, for his damages which he had sustained in the premises, 24 dollars." The statute says, that the party convicted upon the traverse, " shall pay such costs and damages to the party complaining, as shall be assessed by the justice before whom the same is tried." It appears, then, that the assessment in this case was strictly in conformity with the statute. The fine spoken of in the books, is when the justice convicts one of a forcible detainer upon view, according to the provision in the first section of the statute ; but in a proceeding by indictment and traverse, under the third section, as this was, the assessment, as in the present case, must be correct.

Having thus examined all the material objections raised to the proceedings and conviction, the opinion of the court is, that the conviction be affirmed, and if restitution has not already been had, that the same be awarded out of this court, with process of execution for the damages assessed, together with the costs in this court, to be taxed against *Anthony,*

Conviction affirmed,