Tilghman C. J.
The record brought before us in this case, exhibits a proceeding before two justices in a. case of forcible entry and detainer.' It is a remedy, which, from the difficulties attending it, has been very little used. The discussion of the case, has led to a research into ancient law, and the argument has been well conducted on both sides. On the complaint of Edward Good, that Adam Stoever had made a forcible entry into his mill, and forcibly detained it, two justices of the peace went to thp mill, and convicted Stoever upon their view. Although the record of this conviction was sent up, we have nothing to do with it, because the certiorari called only for the proceedings touching an inquisition. There, was an inquisition held before the same justices, on which Stoever was found guilty of a forcible entry and detainer. To this finding, he tendered a traverse, on which issue was joined, and the jury found him guilty; whereupon the justices gave judgment for restitution of the mill, and for 250 dollars damages assessed by themselves, besides costs. No less than sixteen exceptions were taken to these proceedings; but,in the course of the argument, they- *484 were reduced to three or four, and I shall confine my opinion to one; that is to say, to the damages assessed by the justices. The statutes, on which proceedings of this kind are founded are the 5 Rich. II. c. 8. 15 Rich. II. c. 2. 8 Hen. VI. c. 9. 31 Eliz. c. 11 and 21. Jac. c. 15. The only effect of the last statute was to extend the same remedy to tenants for years, which had been by the former statutes confined to. tenants of larger estates. The statutes of Richard II. went no farther, than to authorise a justice or justices to convict the offender to fine and imprison him, and to remove the force. But the statute of 8 Hen. VI, gave power to hold an inquisition, and to restore the party ousted, to his possession, in case the force was found by the jury. This statute makes no mention of damages, nor does it say, that the defendant may traverse the finding of the jury. Yet it has been held, that a traverse may be tendered, whereupon a new jury shall be summoned for the trial of the traverse, and restitution can not he made, until the defendant is convicted by the second jury. Upon conviction, the justices might make restitution of the possession, but they had no power to award damages. Hitherto, and until the 31st year of Elizabeth, the defendant had no means of avoiding restitution, but by traversing the inquisition, and obtaining a verdict in his favour. But by the statute 31 Eliz. c. 11, the defendant may plead three years possession, and it was thereby enacted, “ that no resti- “ tution upon an indictment of forcible entry, or holding with “ force, should be made, if the person indicted, have had the “ occupation, or been in quiet possession for three years toic gether, next before the indictment found, and his estate “ therein not determined, and restitution shall stay till that “ be tried, and if it is found against the party indicted, he shall pay such costs and damages as the judges or justices “ shall assess, to be recovered as costs and damages injudg- “ ments in other cases.” Now it is very clear, that by this statute damages are only given in the case of a plea of three years possession, nor has any judgment been shown, where they were awarded in any other case. The practice in New Tork is not applicable, being founded upon an act of assembly. The assessing of damages by a judge or justice, (if by damages be intended any thing more than costs,) is contrary to the genius of our laws and institutions, nor is it known, that they ever have been so assessed in any case of forcible *485 entry in Pennsylvania. But damages are contended for on the authority of Dalton, (c. 133,) where it is said, that upon a verdict and judgment against the defendant on a traverse, costs and damages are awarded. This passage in Dalton is copied by Burn, (2 Burn’s Justice, 201, 202. 14. ed.) but does not appear to have been adopted by Hawkins. Dalton cites the year book, 14 Hen. VIII. 16. There appears to be a mistake in this, for the year book has been searched, and does not support the citation. The Counsel who have argued in support of the conviction, confess that there is no statute expressly giving damages. Neither is there, say they, any statute expressly giving a traverse. Therefore, the judges who allowed a traverse by implication, had a right, by implication, to assess damages ; because there was as much reason for. them in case of a traverse, as of a plea of three-years possession. This argument would have very great force, if a traverse had been allowed only on the equity of the statute 31 of Eliz. which gives the plea of three years possesssion. But I do not take this to be the case. Therefore it does not follow, that because the parliament thought proper to give damages in one case, the courts had a right to. give them in another. From the 8 Hen. VI. to the 31 Eliz. no damages were given, and yet, I presume, the defendant, during all that time, might traverse the inquisition. I do not. perceive then, by what authority the charge could be introduced afterwards. The power claimed by the justices, is of great importance; for if they may assess damages to the amount of 200 dollars, they may go on to 2000 dollars, and provided the proceedings are regular, they are under no controul. It is not pretended that such a power has ever before been exercised in this commonwealth. It behoves those who contend for it, therefore, to support it by unquestionable authority. This, I think, has not been done, and therefore I am of opinion, that the proceedings should be quashed.
Yeates J.
I can get over all the' different exceptions which have been taken to these proceedings, without difficulty, except one, which appears to me insuperable. The defendant has been charged under the statute of 21 Jac. 1. cap. 15, which gives the like restitution to tenants for term of years, of lands or tenements by them so holden, which shall be entered upon by force, or holden from them by force, as of *486 tenants of any estate of freehold. Under the prior statutes of 15 Rich. II. cap. 2, and 8 Hen. VI. c. 9, s. 2, justices of foe peace? ;n forcible entries and detainers, proceed at the) costs of the party grieved and remove the force. But the 6th section of the last statute, gives such party an assize of novel disseisin or writ of trespass, against the disseisors, and if he recovers, he shall have treble damages. In Regina v. Goodenough, 2 Ld. Raymond, 1036, Holt, Chief Justice, said, that by the 8 Hen. VI; immediately upon the finding the inquisition of forcible entry, the justice was to award restitution, and the defendant had no plea to it. The statute of 31 Eliz. cap. 11, gives the defendant the plea of three years quiet possession in bar of restitution, but in case the plea is found against him; it has given costs in express words. The words of the statute-are, if the plea of the person indicted having had the occupation, or been in quiet possession, for three years together next before the indictment found, and his estate therein not determined, be found against him, he shall pay such costs and damages as the judges or justices shall assess, to be recovered as costs and damages on judgment in other actions.' This statute gives damages on the criminal procedure, only in cases where the three years quiet possession has been pleaded, and a verdict has negatived that fact. It is contrary to the general spirit of the law, that justices should award damages to the prosecutor, against the offender in criminal proceedings, and needs a clear case in support of the doctrine. The People ex relat. Corless v. Anthony, 4 Johns. 198, rests on the peculiar provisions of the New Tork statute, and therefore not applicable to our legal system. A passage is cited from Dalton's Country Justice, (cap. 133, pa. 313, ed. of 1677,) which has been much relied on, as to the justices assessing costs and damages; but it will be found on examination to be confined to the plea of three years quiet possession being put in, where the allegation of the defendant, on trial, has proved to be unfounded. . It cites the stat. 31 Eliz. c. 11, as the ground on which the power rests. The first edition of Dalton's Justice was printed, (as appears by the Bibliotheca legum,) for the society of stationers, in 1618, which corresponds with the 16th year of the reign of James the first. I have examined Fitzherbert's Justice of the Peace, as improved by Crompton, and Lam-bard's Eisenarcha, with West's Symboliography, and do. not *487 find any power given to the justices, unless in the single case provided for by the statute of 31 Eliz. c. 11, of assessing damages. No precedent of any other case has been shown; and what weighs strongly with me, is, that such power has never been exercised in the courts of Pennsylvania, on convictions of forcible entry and detainers. If they possessed it legitimately, I cannot doubt for a moment, that the zeal of the counsel, in the different prosecutions, would have led to the exercise of it.
I am of opinion, that the judgment being entire, and including the 250 dollars assessed for the damages, and therefore erroneous, be reversed, and that re-restitution be awarded.
Bk.ackenk.idge J. concurred.
Proceedings quashed*