THE PEOPLE OF THE STATE OF NEW YORK, Respond-
ENT, v. CHARLES HAIGHT, Appellant.

*Burglary in the third degree — indictment, when insufficient in its description of
the place.*

Upon an appeal from a judgment of conviction of felony, consisting in the com-
mission of the crime of burglary in the third degree, it appeared that the indict-
ment charged that on a certain day, and in the night-time, the defendant
"feloniously and burglariously did break and enter the stove-works of Zebulon
Hunt" with the intent to steal, etc., and did steal certain property.

*Held,* that the allegation that he did break and enter the stove-works was not
a sufficient allegation that he broke and entered into a building or room, or part
of a building, within the meaning of section 498 of the Penal Code, which is
defined, in section 504 thereof, to include a railway car, vessel, booth, tent,
shop or other erection or *inclosure.*

That the words "stove-works" do not necessarily imply a place inclosed by a fence,
still less do they imply of necessity a building; these words are used to mean
all the grounds used by a manufacturer for the manufacture of stoves, and
include the buildings, and also the grounds about the buildings, whether such
grounds are fenced or not.

That this was not an imperfection in form, such as is spoken of in section 285
of the Code of Criminal Procedure; that the indictment was defective and the
demurrer thereto should have been sustained.

APPEAL from a judgment of conviction of the crime of burglary
in the third degree, rendered by the Columbia Court of General
Sessions, which was entered in the office of the clerk of Columbia
county on June 15, 1889, and from an order granted by the said Court
of Sessions overruling a demurrer to the indictment therein interposed
by the defendant.

*G. D. B. Hasbrouck,* for the appellant.

*A. B. Gardenier,* district attorney, for the respondent.

LEARNED, P. J. :
The prisoner was indicted for the crime of burglary in the third
degree. He demurred to the indictment. The demurrer was over-
ruled. Thereupon he pleaded not guilty; was tried, convicted and
sentenced. He now appeals from the judgment in order to review
the order overruling the demurrer. The indictment charges that
on a certain day, and in the night-time, he "feloniously and burgla-

riously did break and enter the stove works of one Zebulon. Hunt," with the intent to steal, etc., and did steal certain property.

The simple question is whether the allegation that he did break and enter into the stove works of one Zebulon Hunt is a sufficient allegation that he broke and entered a building or room, or part of a building. Section 498, Penal Code, is defined in section 504, to include a railway car, vessel, booth, tent, shop or other erection or inclosure. It is hardly to be supposed that a place inclosed by a fence is an "inclosure" within the meaning of these sections. (*People* v. *Richards*, 108 N. Y., 148.) The words "stove works" does not necessarily imply a place inclosed by a fence. Still less do they imply, of necessity, a building. These words are used to mean all the grounds used by a manufacturer for the manufacture of stoves. They include the buildings and, also, the grounds about the buildings, whether such grounds are fenced in or not. They are words of the most general meaning. (Webster's Dictionary under "Work.") One who entered into grounds used for the manufacture of stoves might, in the legal phrase, be said to break into the close of the owner. And plainly the allegation of the indictment does not necessarily include the breaking into any building, or even into any grounds inclosed by a fence.

This is not an imperfection in form such as is spoken of in section 285, Code of Criminal Procedure. Notwithstanding the liberality with which indictments may now be construed, they must allege facts which show that the crime has been committed. The breaking and entering into a building is a material part of the crime here charged and must be alleged. We think the indictment is defective, and that the demurrer should have been sustained.

The judgment should be reversed, demurrer sustained, prisoner discharged.

PUTNAM and FISH, JJ., concurred.

Judgment reversed, demurrer sustained and prisoner discharged under the indictment.