(*Supreme Court, General Term, Fifth Department.* December, 1889.)

JUDGMENT—OPENING—INHERENT POWERS OF COURT.
  The power of a court to open a judgment, for sufficient reason, in furtherance of justice, is inherent in the court, and not limited by Code Civil Proc. N. Y. § 724, which provides that the court may, in its discretion, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.

Appeal from special term, Erie county.

Mary Kiefer, as administratrix, sued the Grand Trunk Railway Company of Canada, to recover damages for the death of Joseph Kiefer, alleged to have been caused through defendant's negligence. Plaintiff's complaint was dismissed, and judgment for costs entered against her, by reason of default. The court afterwards made an order opening the judgment, and defendant appealed.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*George F. Brownell,* for appellant.    *J. W. Russell,* for respondent.

MACOMBER, J. The affidavits in behalf of the plaintiff, used upon the motion, were sufficient to enable the special term to grant the relief asked for, provided that there is no statutory limitation of the power of the court in the premises. The motion was made upwards of a year and three months after the default was taken. Section 724 of the Code of Civil Procedure permits the court in its discretion, upon proper terms, at any time within one year after notice thereof, to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. It is argued by the counsel for the appellant that this provision of the Code restricts the power of the court to relieve a party against a default unless the motion is made within one year from the time that the default is taken. There are, however, several decisions of the court of appeals which hold that the power of this court to relieve a party from a judgment so taken is not limited by this section of the Code, but that, in the exercise of its control over its judgments, the court may open a judgment upon the application of any one, for sufficient reason, in the furtherance of justice. This power is inherent in the court, and is not dependent upon any statute, and the section of the Code above referred to does not circumscribe its powers. *Ladd* v. *Stevenson,* 112 N. Y. 325, 19 N. E. Rep. 842; *Hatch* v. *Bank,* 78 N. Y. 490; *Vanderbilt* v. *Schreyer,* 81 N. Y. 648. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

### PEOPLE *v.* FARRELL.

(*Supreme Court, General Term, Third Department.* December 11, 1889.)

FORCIBLE TRESPASS—INDICTMENT.
  An indictment under Pen. Code N. Y. § 465, providing that any person guilty of using any force or violence in entering upon the possessions of another, except in

the cases and the manner allowed by law, is guilty of a misdemeanor, need not specify the particular force or violence used, but is sufficient, under Code Crim.Proc. §§ 275, 276, requiring indictments to contain a plain and concise statement of the act constituting the crime, if it states that the accused, with force and arms, the dwelling-house of one G. unlawfully and feloniously entered into and upon the same, being then and there the possessions of said G., and used force and violence in entering therein, and in a manner not provided or allowed by law.

Appeal from court of sessions, Clinton county.

John Farrell demurred to an indictment charging him with forcible entry. From a judgment sustaining the demurrer the people appeal.

Argued before LEARNED, P. J., and PUTNAM and FISH, JJ.

*Wilmer H. Dunn,* Dist. Atty., for the People.   *Royal Corbin,* for respondent.

FISH, J.   By section 465 of the Penal Code, any person guilty of using any force or violence in entering upon or detaining any lands or other possessions of another, except in the cases and the manner allowed by law, is guilty of a misdemeanor. The indictment in this case charged, in terms, that said Farrell, with force and arms, the dwelling-house of one Goss unlawfully and feloniously entered into and upon the same, being then and there the possessions of said Goss, and used force and violence in entering therein, and in a manner not provided or allowed by law. The defendant demurred to the indictment on the grounds—*First,* that the facts stated in the indictment do not constitute a crime; and, *second,* that the indictment does not conform to sections 275 and 276 of the Code of Criminal Procedure. The demurrer was sustained by the county sessions, without any grounds being stated or opinion rendered. It may be assumed that both the grounds relied upon by the defendants were sustained. Neither are tenable. Sections 275 and 276 of the Code of Criminal Procedure require that the indictment shall contain the title of the action, specifying the name of the court and the names of the parties, and a plain and concise statement of the act constituting the crime. All these requirements are covered. The act constituting the crime charged was the forcible entry, by the use of force and violence, the dwelling-house of Lucius M. Goss. Section 284 of the Code of Criminal Procedure has defined the form and the sufficiency of an indictment. The old requirements of common-law pleading are by the Code expressly abandoned, and those of section 284 substituted. The authorities cited by the counsel for respondent do not apply to the present condition of things. The Code was enacted purposely to get rid of the burden of such authorities, and to simplify the forms and manner of bringing a party into court; so that now an indictment is sufficient which charges the crime plainly and concisely, and states it with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case. It has been already held that an indictment is good if it follows the language of the statute defining the crime. *People* v. *Kelly,* 3 N. Y. Crim. R. 272. It is good if it contains sufficient averment to inform defendant of the nature of the accusation against him to prepare his defense, and to admit of the record as a bar to a second prosecution for the same offense. *People* v. *Martin,* 2 N. Y. Crim. R. 51; *People* v. *Rowe,* 3 N. Y. Crim. R. 160. The chief objection made by respondent's counsel lies in the omission of the pleader to specify the particular acts or means made use of by defendant which constituted the force or violence used; but the statute says, if he used any force to gain an entry, he is guilty. Can the court undertake to weigh or measure, as a matter of law, what particular acts of force were intended? Must it not, in each case, be a question of fact, to go to the jury, whether such force or violence was used in a given case as was contemplated by the statute? The statute defining the crime of burglary declares the crime to consist of the breaking and entering the dwelling or other house of another, with intent to commit some crime therein. It has never been held that it was

necessary, in the indictment charging the crime, that it should specify the means used by the burglar to effect the entrance, or what particular property he intended to take when he got in. The statute is satisfied if it charges that he, with criminal intent, broke and entered the premises. How and by what means he broke and entered is a matter of evidence. In the case under consideration, the crime is sufficiently charged, within the authority of *People* v. *West*, 44 Hun, 162, 106 N. Y. 293, 12 N. E. Rep. 610; *People* v *King*, 110 N. Y. 418, 18 N. E. Rep. 245. The particular force used is matter of proof,—evidence of the crime. If he used any force to gain the entrance against the party in possession, his case comes within the provisions of the statute. The judgment should be reversed, the demurrer overruled. and the case remitted to the sessions for further proceeding; order to be settled by Justice FISH. All concur.