THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOHN FARREL, Respondent.

*Supreme Court, Third Department, General Term, December, 11, 1889.*

1. *Indictment. Forcible entry and detainer.*—An indictment for forcible entry is good if it contains sufficient averment to inform defendant of the nature of the accusation against him, so as to enable him to prepare his defense, and to admit of the record as a bar to a second prosecution for the same offense. It need not specify the particular acts or means employed by defendant, which constitute the violence used.
2. *Same.*—The particular force used is matter of proof.

Appeal from a judgment of the court of sessions of Clinton county, sustaining demurrer to an indictment under § 465 of the Penal Code.

*Wilmer H. Dunn*, district attorney, for appellant.

*Royal Corbin*, for respondent.

FISH, J.—By § 465 of the Penal Code, any person guilty of using  *  *  *  any force or violence in entering upon

or detaining any lands or other possessions of another, except in the cases and the manner allowed by law, is guilty of a misdemeanor.

The indictment in this case charged in terms that said Farrell, with force and arms, the dwelling-house of one Goss, unlawfully and feloniously entered into and upon the same, being then and there the possession of said Goss, and used force and violence in entering therein, and in a manner not provided or allowed by law.

The defendant demurred to the indictment on the grounds, first, that the facts stated in the indictment do not constitute a crime, and, second, that the indictment does not conform to §§ 275 and 276 of the Code of Criminal Procedure. The demurrer was sustained by the court of sessions, without any grounds being stated or opinion rendered. It may be assumed that both the grounds relied upon by the defendant were sustained. Neither are tenable.

Sections 275 and 276 of the Code of Criminal Procedure require that the indictment shall contain the title of the action, specifying the name of the court and the names of the parties, and a plain and concise statement of the act constituting the crime. All these requirements are covered. The act constituting the crime charged was the forcible entry, by the use of force and violence, the dwelling-house of Lucius M. Goss.

Section 282 of the Code of Criminal Procedure has defined the form and the sufficiency of an indictment. The old requirements of common law pleading are, by the Code, expressly abandoned, and those of § 284 substituted.

The authorities cited by the counsel for respondent do not apply to the present condition of things. The Code was enacted purposely to get rid of the burden of such authorities, and to simplify the forms and manner of bringing a party into court ; so that now an indictment is sufficient which charges the crime plainly and concisely, and stated with such a degree of certainty as to enable the court to pro-

nounce judgment upon a conviction according to the right of the case. It has been already held that an indictment is good if it follows the language of the statute defining the crime. People *v*. Kelly, 3 N. Y. Cr. Rep. 272.

It is good if it contains sufficient averment to inform defendant of the nature of the accusation against him to prepare his defense and to admit of the record as a bar to a second prosecution for the same offense. People *v*. Martin, 2 N. Y. Cr. Rep. 51 ; People *v*. Bowe, 3 Id. 160.

The chief objection made by the respondent's counsel lies in the omission of the pleader to specify the particular acts or means made use of by defendant which constituted the force or violence used ; but the statute says if he used any force to gain an entry he is guilty. Can the court undertake to weigh or measure as a matter of law what particular acts of force were intended ? Must it not, in each case, be question of fact to go to the jury whether such force or violence was used in a given case as was contemplated by the statute ? The statute defining the crime of burglary declares the crime to consist of the breaking and entering the dwelling or other house of another with intent to commit some crime therein. It has never been held that it was necessary in the indictment charging the crime that it should specify the means used by the burglar to effect the entrance, or what particular property he intended to take when he got in. The statute is satisfied if it charges that he, with criminal intent, broke and entered the premises. How and by what means he broke and entered is a manner of evidence.

In the case under consideration the crime is sufficiently charged within the authorities of People *v*. West, 44 Hun, 162 ; 106 N. Y. 293 ; People *v*. King, 110 N. Y. 418. The particular force used is matter of proof, evidence of the crime. If he used any force to gain the entrance against the party in possession, his case comes within the provisions of the statute.

The judgment should be reversed, the demurrer overruled,

and the case remitted to the sessions for further proceeding.

Order to be settled by Justice FISH.

LEARNED, P.J., and PUTNAM, J., concur.

---

### NOTE ON "SUFFICIENCY OF INDICTMENT."

An indictment, charging the offense substantially in the language of the statute, is sufficient. People *v.* Burns, 53 Hun, 274; People *r.* Dubois, Id. 634.

An indictment for selling, and exposing for sale, impure milk is not chargeable with duplicity. Id.

A failure to allege the name of the purchaser is a fatal defect. Id.

An indictment for larceny need not be drawn under one or other of the special classes as defined by § 528 of Code. People *v.* Dunn, 53 Hun, 381.

An indictment for the crime of grand larceny in the language of the statute is sufficient. People *v.* Rice, 59 Hun, 616.

An indictment, charging the crime of obtaining property under false pretenses, is fatally defective. People *v.* Jeffrey; Same *r.* Seeley, 60 Hun, 581.

An indictment charging the killing, while in the commission of a burglary, sufficiently charges murder in the first degree. People *v.* Greenwall, 115 N. Y. 520.

In People *v.* Giblin, 115 N. Y. 196, the sufficiency of a common law count for murder, to sustain a conviction for killing while engaged in the commission of a felony, was considered.

A conviction of an attempt to commit a robbery in the second degree can be had under an indictment for robbery in the first degree. People *v.* O'Hara, 51 Hun, 640.

As to what is a sufficient indictment under chap. 202 of 1884, see People *v.* Harris, 54 Hun, 638.

An indictment for libel, under § 243 of Penal Code, must state the manner in which the publication is made. People *v.* Stark, 59 Hun, 51.

An indictment against the mayor and head of police of the city charging that he wilfully engaged in the manufacture and sale of liquors without taking the oath required by chap. 163 of 1890, was held bad on demurrer under §§ 275, 276 of the Code of Criminal Procedure. People *v.* Gregg, 59 Hun, 107. It fails to give a concise statement of the act complained of, and to state time, place or manner of the offense. Id.

An indictment charging that the defendant entered into an agreement with the complainant to take and hold, in trust for her, money she owned, to be returned on demand, and, having it in his possession under the agreement, did feloniously appropriate said money to his own use with intent, etc., was held to be sufficient under § 528 of the Criminal Code. People *v.* McHale, 61 Hun, 618.

## Note on " Sufficiency of Indictment."

An indictment under a statute must state all the facts and circumstances constituting the statutory offense so as to bring the accused perfectly within the provisions of the statute, and must negative any exception contained in the enacting or defining clause of the statute. People *v.* Stark, 59 Hun, 51. This rule was applied against an indictment for criminal libel which failed to show the mode of publication, or that it was otherwise than by mere speech within the definition of § 242 of the Penal Code. Id. Such an indictment, if it fails to state the publication with such certainty that a conviction under it would be a bar to another prosecution for the same offense, is, *it seems,* bad. Id.

An indictment for grand larceny, which charges that the defendant unlawfully and feloniously did steal, take and carry away the property described, will not sustain a conviction for obtaining the property by means of a sale upon credit caused by false and fraudulent representations. People *v.* Dumar, 106 N. Y. 502. Though the act is made larceny by § 528 of the Penal Code, the omission to charge either the crime or the act constituting it is fatal. Id.

See further, People *v.* Maxon, 57 Hun, 367; People *v.* Farrell, 28 N. Y. St. Rep. 43; People *v.* Haight, 54 Hun, 8; People *v.* Clements, 107 N. Y. 205; People *v.* Barber, 48 Hun, 198; People *v.* Savage, 5 N. Y. Cr. 541; People *v.* Wheeler, 47 Hun, 484.

An indictment should show on its face jurisdiction of the offense in the grand jury by which it was found. People *v.* Horton, 62 Hun, 610. It is, therefore, necessary that it should allege that the crime was committed in the county in which such grand jury was organized. Id.

As to the sufficiency of an indictment for burglary, see People *v.* Bosworth, 45 N. Y. St. Rep. 512. It is proper to allege in an indictment the evidence which would establish that the crime charged is a second offense. Id.

It is a cardinal principle of pleading in both civil and criminal actions, that the complaint or indictment shall contain a statement, not merely of the charge sought to be established, but of facts which, if taken to be true, support the charge. People *v.* Danihy, 63 Hun, 579. The pleading must show on its face that the cause of action exists or the crime has been committed. Id. It is not enough to allege a conclusion of fact. The facts themselves must be alleged from which the conclusion may be drawn. Id. In an indictment for selling, or having possession with intent to sell, obscene prints, it is not enough to characterize the publication complained of, but its contents must be set forth in order that it may appear on the face of the indictment that it is of the character charged. Id. It has been held with great strictness that in all actions, civil and criminal, in which the cause of action or offense consists of the publication of written or printed matter, the words complained of must be set out in the complaint or indictment. Id. It is no objection to a count, otherwise correct, that the printed matter in question is shown to have been printed in a newspaper. Id.

A count may set forth matter by reference to a former count, which contains the same, in order to obviate useless repetition. Id. This mode of pleading is sustained by authority and seems to be without substantial fault. Id.; People *v.* Graves, 5 Park. 134.

A variance between the indictment and proof in the name of the defendant, may be amended under § 293, and disregarded under §§ 284, 542 of Code of Crim. Pro. People *v.* Hagan, 60 Hun, 577.

A variance between the indictment and proof as to an unknown owner of stolen property, will be disregarded. People *v.* Fleming, 60 Hun, 576.

An error in the date of the crime, as charged in the indictment for murder, is an unimportant variance. People *v.* Jackson, 111 N. Y. 362.

No variance between the indictment for larceny and the proof was held to exist in this case. People *v.* Dean, 58 Hun, 610.