(27 Misc. Rep. 491.)

## PEOPLE v. SPENCER.

(Oneida County Court. May, 1899.)

LARCENY—INDICTMENT—SUFFICIENCY.
  Under Code Cr. Proc. §§ 273, 275, 282, 285, providing that an indictment shall contain a plain statement of the act constituting the crime, without unnecessary repetition, and that the words shall be construed according to their usual acceptation, an indictment charging the stealing of a certain number of dollars, "of the kind of money or the denomination of which is to the grand jury unknown," is sufficient, without any averment as to the value of the money alleged to have been taken.

George R. Spencer was indicted for grand larceny in the second degree, and he demurs to the indictment. Overruled.

Charles R. Coville, for defendant.
Timothy Curtin, Dist. Atty., for the People.

DUNMORE, J. The defendant demurred to the indictment on the ground that the facts stated in the indictment do not constitute a crime. The principal objection made to the sufficiency of the indictment is that the indictment omitted to allege the value of the money claimed to have been taken. The indictment alleges that defendant entered into an agreement to make and sell cheese for the Mullen Cheese Factory, an association composed of Patrick Houston and 14 others (naming them), and that as soon as he received pay for the cheese he was to turn it over to the treasurer of said association; that during the month of December, 1898, he sold cheese belonging to said association of the value of $247.80, for which amount he received a check from the person to whom the cheese was sold; that,

after receiving said check, he placed the same to his own credit, and received the amount due thereon, to wit, the sum of $247.80; that some time during said month of December, the particular date being to the grand jury unknown, he had in his possession and control within the county of Oneida the said sum as the agent, servant, and salesman of said association, composed of said named persons, and, having same in his possession, wrongfully and feloniously did then and there embezzle and appropriate to his own use, and did steal and carry away, the sum of $150, the kind of money or the denomination of which is to this grand jury unknown, and cannot be stated, with the intent on the part of said George R. Spencer then and there wrongfully and feloniously to deprive and defraud, etc.

Counsel for defendant relies upon Bank v. People, 16 Hun, 476. In that case the court said:

"In embezzlement, as in larceny, the value of the property determines the grade of the offense and the degree of punishment, and it is essential that the thing embezzled should be of some value. If it is necessary to prove value, it is necessary to allege it. The allegation that the property was money, to wit, $1.100, is not an averment of value, nor one from which it can be said judicially that the thing embezzled had value, or, if it had value, what was its amount. Had it been averred that the money embezzled was lawful money of the gold coinage, or silver coinage, or the legal-tender notes, of the government of the United States, the court could have taken judicial notice of its value. But as it was competent, as we have seen, for the prosecution to prove under the indictment that it was money in either or all of those forms, or dollars of foreign coinage, or in bank notes, or in the shape of a mere credit, which the treasurer had treated as cash, it was necessary to allege that it had value, and what value, as an ingredient of the offense."

There is no question but that, were the statutes and practice the same now as they were when that decision was rendered, this court would be bound to follow that decision and sustain this demurrer. But the question arises whether, since that decision was rendered, legislation has so changed the statutes, practice, and rules of interpretation as to render it inapplicable. Section 273 of the Code of Criminal Procedure provides that all the forms of pleading in criminal actions heretofore existing are abolished, and hereafter the forms of pleading and the rules by which the sufficiency of pleadings is to be determined are those prescribed by that Code. Section 275 of that Code provides that an indictment must contain:

"(1) The title of the action," etc. "(2) A plain and concise statement of the act constituting the crime, without unnecessary repetition."

Section 282 provides as follows:

"The words used in an indictment must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

This indictment charges the defendant with stealing "one hundred fifty dollars, of the kind of money or the denomination of which is to this grand jury unknown." That is equivalent to saying that defendant stole $150 in money, but the grand jury does not know whether it was in bills, gold, or silver or what was the size of the bills or coin. The words, "in their usual acceptation in common language," would be construed to mean $150 of lawful money, of the

value of $150. The court can take judicial notice of the fact that there is nothing now in circulation as money which has not that value. "In common language, the word 'money,' in its usual acceptation," means money of full and lawful value.

Furthermore, section 285 of the Code of Criminal Procedure provides that no indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of an imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. These statutes have been construed by the courts with a view to bring cases to a speedy trial upon their merits, rather than to exercising and developing the skill of the legal fraternity in the technicalities of pleading. It is to the credit of our present system of criminal procedure that the nice distinctions existing at common law, which enabled a defendant to escape upon a technicality, have been swept away. If it can be understood from the indictment that the act constituting the crime is plainly and concisely set forth, and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case, the indictment is sufficient. An indictment which is sufficient to inform the defendant of the nature of the accusation against him; to enable him to prepare his defense; to leave the court in no doubt as to the act for which it should inflict punishment, in event of conviction; to admit of the record as a bar to a second prosecution for the same offense,—meets the requirements of the Code. It was the purpose of the Code of Criminal Procedure to abolish involved efforts at precision leading to objections of the most trivial and technical character, and, while the reformation wins its way but slowly, it is the duty of all courts to encourage it. People v. Hatter (Sess.) 22 N. Y. Supp. 688; People v. Martin, 2 N. Y. Cr. R. 51; People v. Bellows, 2 Dem. 12; People v. Farrell (Sup.) 8 N. Y. Supp. 230. Having in view the spirit and purpose of the Code of Civil Procedure, in interpreting and construing this indictment, I believe that I am not only justified, but required, to hold that it meets the requirements of the statute and must be sustained.

The demurrer is therefore disallowed. An order may be prepared to conform to the requirements of section 330 of the Code of Civil Procedure.