NEW YORK,
Oct., &c. 1814.

THE PEOPLE
v.
LEONARD.

## THE PEOPLE *against* LEONARD.

On an indictment for a forcible entry and detainer, and the title to the premises does not come in question, but it is sufficient for the complainant to recover, if he shows himself to have been in peaceable possession before the defendant's entry.

Peaceable possession is evidence of seisin, to support the allegation in the indictment, that the complainant was seised.

If the lessor in ejectment show himself to have been in peaceable possession, and that he was forcibly dispossessed. it will be sufficient to entitle him to recover, and the defendant cannot set up title in bar.

THIS was an indictment for a forcible entry and detainer of a dwelling house, and other premises, in the town of *Hamilton*, in *Madison* county. The indictment alleged the complainant, *Salisbury*, to have been seised in fee, on the 19th of *March*, 1808, and to have so continued, until the defendant, on the 10th of *December*, 1811, forcibly entered and expelled him. The indictment was found before a justice of the peace of *Madison* county, and, on being removed by *certiorari* into this court, was brought to trial at the *Madison* circuit, in *June*, 1814, before Mr. Justice *Platt*.

The counsel for the people, in opening the cause, proposed to confine his proof to the possession only ; but the judge ruled that the title to the premises was in question, and that he should require the counsel for the people to give the like evidence of title, as if it were an action of ejectment.

The plaintiffs proved the nature of the defendant's claim to the premises, and then the defendant gave in evidence an execution against *Salisbury*, the complainant, under which the premises were sold and conveyed to one *Foot*, in *April*, 1811, and by *Foot* conveyed to *Pomroy*, and by *Pomroy* to the defendant, in *September*, 1811. The counsel for the people then offered to prove a peaceable possession in the complainant, from 1808, until the defendant's entry ; that in pursuance of an agreement between *Foot*, the purchaser at the sheriff's sale, and the complainant, for the redemption of the land by the latter, *Foot* conveyed the premises to *Pomroy*, who took as trustee for the complainant, but that, in violation of that trust, he conveyed to the defendant, who had notice of the agreement between the complainant and *Foot*; all which evidence the judge overruled, and the jury, by his direction, found a verdict for the defendant.

A motion was made to set aside the verdict, and for a new trial.

*Sill*, for the plaintiff. The object and policy of the statute to prevent forcible entries and detainers, is the preservation of the public peace. It was not intended to confer rights, or to de-

wide upon them; but merely to prevent parties from asserting their rights or claims by force and violence.

In case of an *indictment* for a forcible entry and detainer, the public offence, or *force*, is the principal, and restitution of possession the incidental, object. The clause in our statute is taken from that of 8 *Hen.* VI. c. 9. In *Rex* v. *Fawcet*,[*] which was an indictment on that statute, the court say, that where the king is the party, "the *force*, which is the offence against the crown, is the principal, and the restitution is but accessary, and depends upon that, and that when the king has pardoned the force, the strength of the indictment is gone."

In an *anonymous* case, in 3 *Salk. Rep.* 169. the distinction is taken between an indictment and a civil action to recover *treble damages and costs*, under the statute 8 *Hen.* VI. c. 9. To the civil action, the defendant may plead not guilty, or any special matter, and traverse the force, and the plaintiff, in his replication, must answer the special matter, and not the traverse, for there shall be no inquiry of the force, if the special matter is found for the defendant. The plaintiff cannot recover unless he maintains his writ, and shows that the defendant expelled and disseised him, and, therefore, he must have some estate of *freehold*, at least, upon which the defendant could not lawfully enter. But where there is an *indictment*, though the party has a good right to enter, yet, if he does enter *manu forti*, he will be indicted, and restitution awarded, for his right of entry cannot avail him.

This distinction will explain numerous *dicta* in the books, as that "in an action, if the title be found for the defendant, he shall be dismissed as to the force."[†] So, "if a man, *having title and right* of entry, enter and put out the tenant, he is liable to an indictment and restitution."[‡] So, restitution was awarded, though the complainant's title had expired since conviction.[§] Thus *Hawkins*[||] says, if a *disseissee* obtain peaceable possession and detain by force, he shall be removed, and the disseissor be restored; and this in regard to the *peace of the community*, which is the object of the statutes. The law has been thus careful to prevent any assertion of private right by force.

The 4th section of our act[**] exempts from its operation persons indicted who or whose ancestors have had the occupation, or been in quiet possession, for three years before the finding of the indictment. This affords a strong argument against the

Margin notes:

NEW YORK, October 1814.

THE PEOPLE v LEONARD.

[*] Y*ln*. 99. Cro Jac. 148.

[†] Co. Litt. 257. and notes. 13 Vin Abr. 385. Forc. En & Det F. 2. F. N. B. 249. 13 Vin 383. E. note F. N. B 248 1 Str 474 1 Hawk. P. C. 288. s. 47.

[**] 1 N. R. L. 96.sess.11. c. C.

THE PEOPLE
v
LEONARD.

* 1 *Hawk.* 290.
s. 56.

principle laid down at the trial; as, under this section, the title alone, without three years' quiet possession, is no protection. Indeed, so much has the *possession* been regarded, and so little the *title*, that it has been held, under this clause, that it is sufficient for the defendant to show three years' possession, without showing any title whatever.*

It may, perhaps, be objected that as the indictment states a seisin, the prosecutor ought to show a technical seisin. Here the parties claim under the same title, and the defendant is estopped to deny the title of the complainant. The possession of the complainant was *prima facie* evidence of seisin, and that is sufficient. The proof offered was that the complainant had been in possession several years before the sheriff's sale. And a mere sale under an execution does not operate as a *disseisin*.

† 3 *Burr.* 1732.

Again, here was unquestionably a public offence; for, at common law, the party was liable to a *fine* for the breach of the peace ;† the defendant ought, therefore, to have been convicted for the offence.

*N. Williams*, contra. The indictment is founded on the second and third sections of the statute. (1 *N. R. L.* 96. sess. 11. c. 6.) Our statute comprehends several of the English statutes

‡ 5 *R.* II. c. 8.
15 *R.* II. c. 2.
31 *Eliz.* c. 11.
8 *Hen* VI. c. 9.
2 *Hawk.* 30.

on the subject, passed at different periods.‡ The first section contains the provisions of the statutes of 5 *Rich.* II. c. 8. and 15 *Rich.* II. c. 2. It provides merely a punishment for a forcible entry, and awards no restitution to the party injured. By the second section, which is taken from 8 *Hen.* VI. c. 9. a new remedy is provided, and the justice is to cause the party forcibly put out of possession, to be reseised of his land, &c. The fourth and fifth sections, taken from 31 *Eliz.* c. 11. gives the plea of three years' possession, &c. ; and the sixth section, like that of 11 *James* I. gives the like remedy to tenants for years, and guardians, as to such as have estates of freehold.

The several statutes in *England* were passed, from time to time, to provide new remedies, unknown to the common law, as new evils arose. They were received with a jealous eye, and construed with great strictness. When restitution, therefore, is given by the statute of 8 *Hen.* VI. c. 9. the word *re-*

§ 2 *Hawk.* 33.
s. 15.

*seised,* is used; and *Hawkins*§ observes, that it was a great question, whether a lessee for years, or a copyholder, being ousted, could have restitution within that statute, because, to be reseised,

NEW YORK,
October, 1814.

THE PEOPLE
v.
LEONARD.

he must have been ousted of an estate of which it might be said he was seised, which must be a freehold at least. And the statute of 21 *James* I. was passed to extend the remedy to tenants for years, &c.

The indictment being founded on the second and third sections of our act, taken from 8 *Hen.* VI. c. 9., the court, in their construction of it, will be governed by the decisions in the *English* courts on that statute. There appears to be some obscurity, if not inconsistency, in the decisions of the *English* courts on the subject ; but if the cases are carefully examined, in reference to the different statutes passed on the subject, this obscurity will be dissipated, though it is not always easy to discover on which statute the proceedings, in each case, were founded. Wherever the cases speak of the *punishment* of offenders under these statutes, and that *possession* alone is sufficient to warrant the proceeding, it will be found that restitution is not asked or awarded ; but when *restitution* is the object of the proceeding, as it always is under the statute of 8 *Hen.* VI. c. 9. it will be found that *seisin*, or a tenancy for years at least, was necessary to be stated and proved.

So *Hawkins** lays it down, that an indictment on 5 or 15 *Rich.* II. need not show who had the freehold at the time of the force, though it should show that the entry was made on the *possession* of some person having some estate. " But an indictment on 8 *Hen.* VI. c. 9. must show that the place wherein the force was committed, was the *freehold* of the party aggrieved, at the time of such force." " And, according to the general opinion, an indictment on that statute cannot warrant an award of restitution, unless it find that the party was seised at the time."†

The decisions of this court, in *The People* v. *Shaw*,‡ and *The People* v. *King*,§ sanction the same doctrine. In the last case the proceedings were quashed because the indictment did not allege that the complainant was scised. So in the case of *The People* v. *Ruckel*,‖ it was held necessary that the indictment should show the *seisin* of the trustees of the church. In the case of *The People* v. *Anthony*,** *Kent*, Ch. J. took the same view of the *English* statutes, though for a different purpose. He considered these statutes, passed at different times, as affording totally distinct and separate remedies ; that the *third* section of our act, copied from 8 *Hen.* VI. c. 9. contained a dis-

* 2 *Hawk.* 49, s. 38.

† 7 *Mod.* 123, 11 *Mod.* 279. ‡ 8 *Term Rep.* 360. 3 *Bac.* *Abr.* 255. (6th ed.) *Forc Ent.* & *Det* (E.) § 1 *Caines' Rep.* 125. § 2 *Caines' Rep.* 98. ‖ 8 *Johns. Rep.* 464. ** 4 *Johns. Rep.* 198,

tinct and more specific remedy than those of the 5 and 15 *Rich.* II. contained in the first and second sections.

Before the statute of 8 *Hen.* VI. c. 9. there was ample remedy, by way of punishment, for besides being indictable at common law for a breach of the peace, the party might, under the statutes of 5 and 15 *Rich.* II. be punished by the justice, on a view, or by indictment.*

* 3 *Burr.* 1772 8 *Term Rep.* 357. 10 *Johns. Rep.*304.

The stat. of 8 *Hen.* VI. c. 9. was passed for the sole purpose of giving restitution, it being a more speedy remedy than could be afforded by an action of ejectment; but then, the party seeking this remedy must show that he had an estate *in fee*, or, at least, for a term of years. It would be useless to require the complainant to state in the indictment, that he was *seised*, if it were not necessary to prove a *seisin.* And why should restitution be awarded, in this speedy manner, to a person who really has no title?

If a person, having a title in fee or for years, could be ousted in this way, by one who has no title, a well-settled principle of the common law would be infringed. A person having right may peaceably enter, and no one can call him to account. If he enters forcibly, though he may be punished for a breach of the peace, yet his possession being joined to his right, that possession cannot be disturbed. There is no civil remedy against a person who enters forcibly, having right.† And the cases which allow *liberum tenementum* to be pleaded in trespass, establish this right of entry at common law,‡ by one having title.

† 4 *Term Rep.* 230.

‡ 7 *Term Rep.* 354 8 *Johns. Rep.* 403.

The remedy given by the statute, under the third section, is a civil remedy merely, by which a person unlawfully dispossessed, may be speedily restored; but, to entitle himself to this summary remedy, he must show that he has a *freehold*, or term of years. Though, in the abridgments, it is frequently said, in general terms, that this right of entry, since the statutes, could not be exerted by force, yet the writers must be understood as meaning only, that the forcible entry might be punished; none of them say, that *restitution* must follow, unless the party claiming it has title.

*Sill*, in reply, observed, that though the technical word *seisin* was used in the indictment, yet *prima facie* evidence of

NEW YORK,
October, 18 4

THE PEOPLE
v.
LEONARD
6  Johns
Rep. 197.

seisin was sufficient: and the complainant offered to show a deed and a possession of seven years, which was enough in the first instance. A *disseisin* is the actual turning out of possession.*

The anonymous case in 3 *Salk*. 169. was under the statute of 8 *H. VI. c.* 9 and it was expressly decided that it was not necessary to show a seisin. The mere fine of five pounds, imposed by a justice on a view, is not an adequate remedy. Restitution alone is a proper remedy. The policy of the statute is, to prevent persons from taking the law into their own hands, and to compel them to assert their rights, by action, in a peaceable manner, and not by force.

THOMPSON, Ch. J. delivered the opinion of the court. This was a trial for a forcible entry and detainer. The complainant, on opening his case, proposed to confine his proof to his possession only, but the judge ruled, that the complainant must prove in himself an estate in fee, or an estate for years at least; that the title was in question, and that the complainant must give the like evidence of title, as was required in ejectment. Admitting the complainant must give the like evidence of title, as is required in ejectment, he offered to show, what would have entitled him to recover in ejectment. If the lessor shows himself in the peaceable possession of land, and that he was forcibly dispossessed, it will be sufficient to entitle him to recover possession, and the defendant will not be permitted to set up title to defeat it. He must restore the party to his possession, wrongfully taken from him, in the first place. But, I apprehend, there was a mistake in saying, the title was in question. In the case of *The People* v. *King*, (2 *Johns. Rep.* 98.) on a motion to quash a conviction, and for *restitution*, *Kent*, Ch J. says, we cannot decide on the title or rights of the parties. The complainant has nothing to do with that. He must give up the possession irregularly obtained, put the defendant in *statu quo*, and then proceed legally to the question of title. In the case of *The People* v. *Ruckel*, (8 *Johns. Rep.* 468.) *Spencer*, J. says, the court cannot, on this indictment, inquire into the title. Right or title to the property is no excuse. The statute was made to prevent persons from doing themselves right by force; and the court, in

giving its opinion, seems to assume that possession is enough for the complainant to show.

Although the indictment alleges, that the complainant was seised, yet this seisin may be shown by necessary implication, and peaceable possession is evidence of seisin. (*Bac. Tit. Eject. E.*) In the matter of *Shotwell*, (10 *Johns. Rep.* 306.) the court say, we cannot investigate the title upon affidavits. The only inquiry is as to the force, and the regularity and equity of the proceedings. A new trial must therefore be granted.

New trial granted.