The facts of this case are set out in the opinion of the court, as delivered by
judge Catron.
This was an action of covenant, brought by the de *59 fendants in error vs. Randolph, upon a clause of general warranty, in a deed for 230 acres of land, by which dolph covenanted to warrant and forever defend the land and premises to the said A. and K. Meek, their heirs and assigns forever, &c. The deed bears date in November, 1818.
The Meeks in the court below, declared upon the clause of warranty, and assigned as a breach, that Randolph, on the 4th of July, 1818, had made a deed in fee simple to Parrish and Pinson, deacons of a Baptist church, for a part of said land; by virtue of which deed, Parrish and Pinson had taken possession and expelled the said A. and K. Meek from the occupation and seizen of said 230 acres of land.
Randolph pleaded covenants performed, and non infregit conventióncm. On the first plea issue was taken; the second plea was demurred to by the plaihtiifs, which demurrer, on argument before the circuit court, was sustained, and it is thought very correctly.
Upon the trial of the issue, the facts appeared to be, as proved by the witnesses, that the deed from Randolph to Parrish and Pinson, the deacons of the. church, was for one and a third of an acre, including a meeting-house, which was in the keeping of the deacons, and used by the church, who worshipped there regularly monthly, and sometimes more frequently; that the meeting-house was thus occupied nt the time the conveyance from Randolph to the Meeks was made, and continued to be so used up to the time of the trial. Upon the trial of the cause in the Lincoln circuit court, the jury were charged by the circuit judge, “that no eviction, by suit at law, was necessary to authorize the plaintiff to sustain the action; that the occupancy of the church, holdenby virtue of the older deed.to the deacons, was a sufficient eviction to authorize- the plaintiffs to recover, and that this eviction might be proved by parol.” There was a verdict for the plaintiffs below, and judgment thereon, from which the defendant below (Randolph) prosecuted a writ of error. The material error assigned is to the above charge of the circuit judge. It is contended that the jury should have been instructed to disregard any proof *60 of eviction by parol; that an eviction by due course of iaw? an¿ this proved by the record,, was the only evidence that would authorize a recovery by the plaintiffs. The other points in the cause all resolve themselves into this one, and will not therefore be noticed. One question is, had the deacons of the church a possession of the one and a third of an acre of land conveyed to them? If not, the charge was wrong, and there was no ouster. The possession of the church by the officers thereof, for the ordinary purposes of public worship, was as much a possession of the premises, as if there had been a dwelling-house thereon, and that actually inhabited. The cases of the People vs. Runkle, 8 John, 404, and 9 John. 147; Hawk. P. C. ch. 64, sec. 31; Turton vs. Reynolds, 12 Mod. 420, clearly show that the deacons of the church might have indicted the Meeks for a forcible entry and detainer, if they had entered upon the church, or acre and one third of land. Nor could they have relied upon their title in defence, had it really been the oldest and best. (People vs. Leonard, 11 John. 504.) Hence they would have been turned off from this land, without any opportunity of a defence, by the ordinary writ of forcible entry, or by an indictment in court. Suppose the Meeks, when so indicted, had called upon Randolph to defend them: “for a crime?” he could have replied, “I did not covenant that I would be responsible for violence and crimes committed by you.” An action of ejectment would have been idle to absurdity on the part of the Meeks in this case.
There being an express warranty in the deed, of course •all implied warranty is done away. (Noke vs. James, Cro. E. 574; 2 Caine’s Rep. 192.) Nor is it believed, that if there had been no express warranty, the defendant (Randolph) would have been bound for the title or possession by implication.
This cause shows no merits on the part of the defendants in error, and is probably captious; yet it presents the simple principle, whether an ouster of possession can be proved by parol, in an action of covenant, upon a clause of gene *61 ral warranty in a deed; and whether a previous possession under the paramount title is equal to such ouster.
It is contended that an eviction by due course of law, and that eviction by a paramount title, must be alleged and proved, before a recovery can be had; and that the only competent proof of the eviction, is the verdict of a jury, and judgment of a court. This is. not believed to be the law. The old doctrine of warranties, laid down in 1 Inst. ch. 13, 7; Ba. Ab. title “warranty;” and Bedford vs. Talbot's heirs, in Cooke's Rep., treats the warranty as a real covenant running with the land; and it is by the decision in Cooke’s Rep. placed upon a ground equally high with the covenant of seizen, the best covenant in the law. But that case was partly overruled by the case of Crutcher vs. Stump, 5 Hay. 100; where a warranty is treated as a personal covenant, and put upon a footing with the covenant of quiet enjoyment, which alone refers to the possession, and is perhaps the least effectual, known to the conveyancer, recognising the principles laid down in 4 Term Rep. 617; 1 Mass. 467; 3 John. 464. In the case of Crutcher vs. Stump, an eviction, it is said, is necessary; that point did not,however, come before the court, and the question there, was, whether an averment that the plaintiff’s testator had no title to the land sold, was assigning a sufficient breach. All the authorities concur that you must aver and prove the better title, and an ouster, by virtue thereof, from the warranted premises, by him who is vested with the paramount title. (Wotton vs. Hele, 2 Saund. 175, 181, and note 10; 4 Term. Rep. 617.)
The only question in this cause is, whether the possession of the deacons of the church, by virtue of a deed from Randolph, at the time he sold to the defendants in error, is a sufficient ouster? And here we must be partly governed by analogy, and the reason of the thing, having no authority to guide us by any adjudication in this state; and it not being probable that any would be found in England, or any other country, for the reason that our act of 1805, ch. 12, permitted lands to be sold by any one who chose to set up claim to them while they were adversely possessed, which *62 would have been champerty and maintenance in England, an(j jn most 0f the United States, and tbe deed void. Yet cases are not uncommon, where the true owner bas entered peaceably, and when sued in ejectment or trespass, has successfully defended himself under his superior title, as will be proved by the cases of Wotton vs. Hele, 2 Saund. 181; Buckly vs. Williams, and Proctor vs. Newton, 2 Saund. 181, note 10; Foster vs. Pierson, 4 Term Rep. 617; 1 Mass. 467, 2 Mass. 437, 8.) The having possession, by the paramount title at the time of the purchase, and holding out the purchaser, is certainly a stronger case, than where there is an entry made under the better title and an ouster after the purchase. In the case of Hamilton vs. Cutts, 4 Mass. 349, the supreme court of that state decided that the covenant was broken, where A sold to B 100 acres of land, and afterwards to C a part of the same land. Neither took possession for many years, the land being uncultivated and in the forest. In the end B produced his deed to C, and required that the part of the land (sixty acres) sold to him, might be set off in severalty, which C agreed to, and B then took possession by the permission of C, who sued A upon the clause of warranty in his deed, and the court say that the better title and ouster may be averred and proved without a record, and that there is no necessity that the covenantee should involve himself in a lawsuit to defend himself against a title which he is satisfied must ultimately prevail. (4 Mass. 352.) The state of the country in Massachusetts was pretty much like our own, and the authority of no man of his day, is entitled to more respect than that of chief justice Parsons, upon a common law subject. In the case of Duval vs. Craig, 2 Wheal. 61, the supreme court of the United States, put the very case before the court as being equal to a legal eviction.
Few subjects are as badly understood by courts and lawyers, as the action of covenant upon clauses of warranty. It is not even settled, what effect a record of éviction will have, when produced against the covenantor. This will be seen by the causes of Nokes vs. James, Cro. E. 675; Wot *63 ton vs. Hele, 2 Saund. 175, 181; Summerville vs. Hamilton, 4 Wheat. 230.
I think the circuit court charged the jury correctly, in substance, and that the judgment must be affirmed.
Judgment affirmed.