that there was but one single act of crime, to wit: A single discharge of a single firearm. There is a radical difference between such a situation and that involved in the case at bar; and I do not regard that case as in point. None of the other cases cited by the defendant are even approximately in point.

I have examined this and the law involved with great care, because I am not without a suspicion that there were some elements involved in the former conviction which are also included in the one at bar, and it does not seem just that there should be more than one punishment for what might perhaps be considered as one offense; but I think that, as pointed out in the case of U. S. v. Harmison, *supra,* there is an undoubted legislative right to carve several crimes out of a single transaction, and the only remedy in such a case is that there pointed out — for the court in fixing the measure of punishment to take the facts into consideration. It appears to me that has been done in this case. Defendant has been convicted of what is made by law a misdemeanor, for which he might have received a fine of many times the amount imposed, and imprisonment besides; and it seems to me that the court has dealt exceedingly leniently with him, especially in view of the revolting nature of the language used by this defendant in a public place upon the Sabbath day.

The judgment must, therefore, be affirmed.

Judgment affirmed.

---

The People of the State of New York, Respondent, *v.* Joseph R. Baldwin and Alexander White, Appellants.

(County Court, Erie County, November, 1911.)

Criminal law — Offenses and grades thereof — Statutory offenses — Particular offenses.

Forcible entry and detainer — Nature and elements of offense — What constitutes a forcible entry — Trespass; Seizure and detention of chattels.

     Section 2034 of the Penal Law, which provides that "A person, guilty of using, or of procuring, encouraging or assisting another to use, any force or violence in entering upon or detaining any

lands or other possessions of another, except in the cases and the manner allowed by law, is guilty of a misdemeanor," applies only to forcible entry on and taking or keeping possession of real property, and not to the mere taking or retaining possession of a chattel which constitutes simply a trespass.

Where defendants without force entered the premises of complainant and took possession of a stove upon the claim that it had not been paid for under the terms of a conditional contract for its sale, they cannot be convicted of a violation of section 2034 of the Penal Law though the complainant testifies that she was intimidated and threatened and the peace of the household was disturbed by defendants in their efforts to remove the stove.

APPEAL from a judgment of conviction rendered against defendants in the City Court of Buffalo.

Lafay C. Wilkie, for appellants.

Wesley C. Dudley, district attorney (Clifford McLaughlin, of counsel), for respondent.

TAYLOR, J. These defendants, claiming right to enter under color of a conditional contract of sale of personal property, entered the premises of Elizabeth Stewart in the city of Buffalo, for the purpose of obtaining possession of a stove, claimed by defendants to belong to them for the reason that it had not been paid for under the terms of said contract of sale. There is a dispute as to appellants' rights under this contract, which is of no materiality, if I am correct in the conclusion which I reach.

The immediate entering of the premises was not forcible, but the complaining witness claims that she was intimidated and threatened and the peace of the household disturbed by defendants in their efforts to obtain possession of said stove. There is no claim of any intention to enter or of any entry upon real property by force for the purpose of obtaining or detaining possession thereof.

The defendants have been tried and convicted in the City Court of Buffalo of violating section 2034 of our Penal

Law, which reads as follows: "A person guilty of using, or of procuring, encouraging or assisting another to use, any force or violence in entering upon or detaining any lands or other possessions of another, except in the cases and the manner allowed by law, is guilty of a misdemeanor."

The statutes of England and of the various States of this Union bearing upon the subject of forcible entry and detainer have been the subject of much judicial discussion. As far as the civil statutes are concerned, it appears that the peaceable possession of even a trespasser may not be entered upon forcibly, even by the owner of the land. However, it must be a case of actual possession and not mere occupancy. Furthermore, it is not a question of title, right of entry or right of possession. The object of all the statutes bearing on this subject is to preserve the public peace and to prevent persons from asserting their rights, real or supposed, to enter upon and take possession, or, under certain circumstances, to retain possession, of real property by force or violence. A mere trespass, not accompanied by force, violence or intimidation by menaces, gestures or threats to obtain the possession of real property, is insufficient to make out a forcible entry; and, as to forcible detainer, mere words are insufficient; personal violence must be shown.

Whatever the facts in the case involved may have been as to threats, menaces or physical interference with each other by the parties concerned is not material. A study of said section 2034, and of the various decisions of the courts bearing on forcible entry and detainer, has convinced me that the section applies to forcible entry on, and taking possession or keeping possession of, real property only, and not to trespass involving merely a taking or retaining possession of chattels.

It may be that these defendants could be successfully proceeded against under section 43 or section 720 of our Penal Law, or for assault in the third degree, or under some city ordinance; but, as I read the law, they cannot be convicted under said section 2034.

Therefore, whatever the equities may be between these parties, and however reprehensible the conduct of any of

them, these defendants have the right not to be convicted of a crime which they have not committed; and, therefore, the judgment of the court below must be reversed, and the fines remitted.

Judgment reversed.

ANTHONY MUSICA and PHILIP M. MUSICA, Respondents, *v.* NICOLA DI MARCO and NICOLA GALGANO, Appellants.

(Supreme Court, Appellate Term, December, 1911.)

Appeal: Effect of appeal — Jurisdiction remaining in court below: Decision — Dismissal, abandonment or withdrawal of appeal — Jurisdiction of motion to dismiss.

The City Court of the city of New York, after an appeal has been taken from a judgment rendered by it, has jurisdiction in all proceedings leading up to the making of the case on appeal; and, until the case is settled, the Appellate Term of the Supreme Court under rule 3 of its Rules of Practice will not dismiss the appeal.

While in such a case the trial court has power to settle the case on appeal, it has no jurisdiction to dismiss the appeal.

Where the case on appeal is not settled within the time limit, the trial court, after the expiration thereof, under the General Rule of Practice (33) which provides that "If a party shall omit to make a case within the time limited, he shall be deemed to have waived his right thereto," may terminate the proceedings by an order declaring the case abandoned; and thereafter the Appellate Term may properly dismiss the appeal.

The repeal of a rule of practice under which the trial court had power to declare an appeal from a judgment rendered by it abandoned confers no jurisdiction upon said court to dismiss the appeal.

APPEAL by the defendants from an order of the City Court of the city of New York dismissing an appeal by the defendants from a judgment in favor of the plaintiffs and also dismissing appeals from an order reducing the amount of said judgment and an order denying a motion for a new trial.