[No. 39319.   Department One.   July 20, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. GERALD R. DURNING et al., *Appellants.**

*Victor V. Hoff* (of *Young, Hoff & Regan*), for appellants (appointed counsel for appeal).

*Charles O. Carroll* and *John S. Ludwigson*, for respondent.

BARNETT, J.†—In this appeal we deal with convictions of the defendants for burglary in the second degree.

*Reported in 430 P.2d 546.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The facts are clear. At some time between the evening of August 23, 1966, and the morning of August 24, 1966, the Kenmore Lumber Company office was entered and the company's safe was removed. Early in the morning of August 24, a person living near the lumber yard heard noises in the lumber yard and informed Seattle police officers. Upon investigation the police officers saw and then apprehended the defendants in the lumber yard after a short chase. The company's safe was found in the lumber yard with its dial knocked off. The defendants gave false names upon being questioned. The officers found a car parked near the lumber yard that, as was later determined, belonged to a woman with whom the defendants had been on the evening of August 23. In the car was a wallet belonging to defendant Board. A shirt claimed by defendant Durning was found on a stack of lumber near the safe.

The door to the company office showed signs of having been forced open.

The defendants' arguments on this appeal involve objections to three instructions given by the trial court. They object to instruction No. 4, which reads as follows:

Every person who, with intent to commit some crime therein, shall break and enter any building, or part thereof, not being lawfully owned or occupied by said person, wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree.

Every person who shall unlawfully break and enter any such building shall be deemed to have broken and entered the same with intent to commit a crime therein, unless such unlawful breaking and entering shall be explained by testimony satisfactory to the jury to have been made without criminal intent.

The word "building" shall include every house, shed, boat, watercraft, railway car, tent or booth, whether completed or not, suitable for affording shelter for any human being, or as a place where any property is or shall be kept for use, sale or deposit.

The defendants make several contentions in regard to this instruction. First of all they argue that the instruction

did not advise the jury that the presumption of intent from unlawful entry was not conclusive.

■ This argument is unsound. The second paragraph of this instruction is based upon the language of RCW 9.19.030, and this statute by its own terms makes the presumption rebuttable when it states, "unless such unlawful breaking and entering . . . shall be explained by testimony satisfactory to the jury to have been made without criminal intent." Hence, an instruction in the language of the statute was sufficient to inform the jury that the presumption is rebuttable. See *Barrios v. State*, 83 Tex. Crim. 548, 204 S.W. 326 (1918). Furthermore, this instruction is standard, and has been approved in previous cases by this court. *State v. Rosencrans*, 24 Wn.2d 775, 167 P.2d 170 (1946). See also *State v. Westphal*, 62 Wn.2d 301, 382 P.2d 269 (1963).

■ The defendants also argue that this instruction shifts the burden of proof to them. Again we disagree. The same contention was made in *Jackson v. United States*, 330 F.2d 679, 682 (8th Cir. 1964). In the *Jackson* case it was decided that an instruction based upon a statute which stated that possession of narcotics is sufficient for conviction " 'unless the defendant explains the possession to the satisfaction of the jury' " was not erroneous as improperly shifting to the defendant the burden of proving himself free from guilt.

The court gave instruction No. 9 as follows:

The court instructs the jury that the law presumes that every man intends the natural and probable consequences of his own acts. It is not necessary to establish intent by direct and positive evidence but intent may be established by inference and in the same way as any other fact by taking into consideration the acts of the parties and all the facts and circumstances of the case.

The defendants object to it on several grounds, however, we find the arguments to be without merit. We note too, that an identical instruction was approved in *State v. Nelson*, 65 Wn.2d 189, 396 P.2d 540 (1964).

The defendants also challenge the propriety of instruction No. 11. This instruction reads as follows:

Evidence is of two kinds—direct and circumstantial. Direct evidence is produced by a witness testifying directly of his own knowledge of the main fact or facts to be proven. Circumstantial evidence is proof of certain facts and circumstances in a certain case from which the jury may infer other and connected facts which usually and reasonably follow according to the common experience of mankind.

Elements of a crime may be proven by circumstantial evidence as well as by direct testimony of eye witnesses, but the facts and circumstances in evidence should be consistent with each other and with the guilt of the defendant and inconsistent with any reasonable theory of the defendant's innocence.

Circumstantial evidence, if of such a character as to exclude every reasonable hypothesis other than that the defendant is guilty, is entitled to the same weight as direct evidence. It is to be regarded by the jury as all other evidence in the case, and if, after considering all of the circumstances as a whole, you are convinced beyond a reasonable doubt of the defendant's guilt, you should convict him; but if you then entertain such doubt, you should acquit him.

██ The defendants' contention is that this instruction does not properly state the law and that their proposed instruction on circumstantial evidence should have been given. We find that it was not error for the trial court to refuse to give defendants' proposed instruction on circumstantial evidence for it did not correctly state the law. The proposed instruction did not include the element of reasonableness in relation to the "hypothesis of innocence." See *State v. Nelson, supra.*

The defendants argue instruction No. 11 is incorrect in that the word "must" should be used in place of "should" in the clause in the second paragraph reading, "but the facts and circumstances in evidence *should* be consistent with each other" (Italics ours) as must is a mandatory command and should is only permissive.

█ In determining this question "The test of an instruction is not a matter of semantic difference, but rath-

er whether the jury was misled as to its function under the law." *State v. Redden, ante* pp. 147, 152, 426 P.2d 854 (1967). Our perusal of the instruction in its entirety convinces us that the jury could not have been misled in any way. In the third paragraph of this instruction the jury was instructed that only if the circumstantial evidence excluded all other reasonable hypotheses of innocence could it be entitled to weight as direct evidence; hence the jury was not allowed to consider circumstantial evidence in a permissive way, but to the contrary, they were obliged to consider the circumstantial evidence only if it was inconsistent with every reasonable hypothesis of innocence.

The defendants had a fair trial. The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and HALE, JJ., concur.

September 28, 1967. Petition for rehearing denied.