[No. 653-1. Division One—Panel 1. July 12, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. TIMOTHY HUGH GALEN, *Appellant.*

 

*Howard T. Manion,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Douglas S. Dunham, Deputy,* for respondent.

HOROWITZ, C.J.—The defendant, Timothy H. Galen, was convicted by a jury of the crime of burglary in the second degree, and shortly thereafter an order suspending sentence was entered. The defendant filed a timely notice of appeal from his conviction and is here represented by his trial counsel.

The facts are not in dispute. On December 26, 1969 at about 2:30 a.m., one Albert A. Graham was proceeding south on Roosevelt Way N.E. in Seattle. Graham observed a 1962 maroon Oldsmobile parked in the right hand lane with its flashers going and the door open. On the left hand side of the street, there was a Volkswagen dealership. Graham saw a man standing inside the car lot office building with a bottle of beer in his hand and noticed that the glass in the door was broken. He got a description of the man inside and took down the license number of the Oldsmobile. Graham then drove several blocks, called the police and returned to the scene. At this point he saw the Oldsmobile around the corner from where it was initially and observed the defendant getting out of the car.

Officers Mayhle and Burk responded to the call, met Graham and were directed to the defendant by him. The officers informed defendant that he was under arrest for suspicion of burglary and he replied "Yes, I know." Officer Mayhle indicated he was going to move defendant's car but

was informed by defendant that it would not run because there was something wrong with the transmission, which was verified by the officer. The officers entered the dealership office by crawling through the broken window of the door and observed that one of the interior office windows was broken and that every one of the desk drawers was pulled out several inches. An employee of Freeway Volkswagen testified that it was his custom to shut the drawers when he locked up.

Appellant has assigned and argued three asserted errors. It is first contended that it was error for the trial court to refuse to give a proposed instruction[1] on RCW 59.12.230, the forcible entry and detainer statute. The statute provides that:

> Every person who shall unlawfully use, or encourage or assist another in unlawfully using, any force or violence in entering upon or detaining any lands or other possessions of another . . . shall be guilty of a misdemeanor.

Appellant argues that the evidence shows a violation of the statute, and that the jury should have been instructed on the crime and given the choice of deciding whether the defendant committed second-degree burglary or forcible entry and detainer. We disagree.

The trial court properly rejected the instruction and would have committed error had it done otherwise. Under any civilized system of criminal justice one ought not to be convicted of a crime without first being informed of the nature of the accusations made; accordingly, the drafters of the Washington Constitution specifically provided that right in Const. art. 1, § 22 (amendment 10). It is therefore the rule that the crimes of which a person can be convicted, and those on which a jury is properly instructed, are strictly limited to those which are charged in the infor-

---

[1]"You are instructed that Section 59.12.230 of the Revised Code of Washington, states in part, as follows: 'Every person who shall unlawfully use any force or violence in entering upon any land of another shall be guilty of a misdemeanor.' "

mation. *State v. East,* 3 Wn. App. 128, 474 P.2d 582 (1970); *State v. Thompson,* 68 Wn.2d 536, 413 P.2d 951 (1966); *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951). The sole exception, other than for a lesser degree of the same crime or an attempt (RCW 10.61.003), is that under RCW 10.61.006 a person can be convicted of an offense not charged in the information if it is necessarily included in the crime charged. Accordingly, an acquittal or conviction of the greater offense is a bar to prosecution for an "offense necessarily included therein." RCW 10.43.020. *See also* Const. art. 1, § 9; *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962). A crime is necessarily included only if all the elements of the included offense are "necessary elements of the crime charged." *State v. East, supra.*

In the instant case, since the information properly charged the crime of burglary in the second degree (RCW 9.19.020), the proposed instruction on RCW 59.12.230 would be proper only if the offense is necessarily included in the second-degree burglary charge. *State v. Dolan,* 17 Wash. 499, 50 P. 472 (1897). *Cf. State v. Burke,* 124 Wash. 632, 215 P. 31 (1923).

■ However, as will next appear, the proof of the crime of burglary in the second degree does not necessarily require proof of the violation of RCW 59.12.230 so as to meet included offense requirements. Prior to 1909, the predecessor statutes of what is now RCW 59.12.230, required that a person violently taking or keeping possession "of any house, or close" do so "with menaces, force and arms, and without the authority of law . . ." Laws of 1854, § 60, p. 86; Laws of 1873, § 66, p. 195; Code of 1881, § 858, p. 171. The quoted language had been construed elsewhere to mean that the entry or detainer must be accompanied by a breach of the peace or conduct tending to create it with respect to person or persons on the premises. *Lewis v. State,* 99 Ga. 692, 26 S.E. 496 (1896); 35 Am. Jur. 2d *Forcible Entry and Detainer* § 58 (1967); 36A C.J.S. *Forcible Entry and Detainer* §§ 110, 111 (1961). *See also State v. Mills,* 104 N.C. 905, 10 S.E. 676 (1890). However, the 1909

criminal code, § 306, in addition to the other changes, substituted for the phrase "with menaces, force and arms" the present phrase "force or violence." Laws of 1909, ch. 249, § 306, p. 983. The changed statute appears to have been taken from or based upon the statutes of Minnesota and New York. *See* Laws of 1909, ch. 249, p. 890. *See also,* Rev. Laws of Minn. § 5023 (1905); 3 Birdseye, Cumming & Gilbert's Consol. Laws of N.Y. § 2034 (1909); 39 McKinney's Consol. Laws of N.Y. § 2034 (1944). These statutes each substitute for the use of the words "menaces, force and arms" the words "force or violence." Nevertheless, the New York cases show that the meaning of the phrases are identical. As stated in *People v. Samon,* 31 Misc. 2d 975, 221 N.Y.S.2d 277 (1961):

> The force envisioned by the statute implies a physical force *exerted on persons.* The violence denotes the unjust or unwarranted exercise of force, usually with the accompaniment of vehemence, outrage, or fury. It also envisions an assault, strength or energy such as the violence of an attack.

(Italics ours.) *See also People v. Baldwin,* 26 N.Y. Crim. 508, 74 Misc. 384, 134 N.Y.S. 221 (1911); *People ex rel. Kline v. Rickert,* 8 Cow. 226, 9 N.Y. Common Law Reports 225 (1826). This construction accords with the language, reason and purpose of the statute.

When the Revised Code of Washington was enacted (*see* RCW 1.04.010), the section originally contained in the Laws of 1909, ch. 249, § 306, was codified in the criminal code under the title "forcible entry and detainer." *See* Rem. Rev. Stat. § 2558 (1932). At that time it had the common law meaning described in *People v. Samon, supra.* The compilers of the Revised Code of Washington moved the section from its position in the criminal code to its present position in Title 59, which contains the civil remedies dealing with forcible entry and forcible and unlawful detainer. The latter terms are defined therein, but differently than in the criminal code. The change in position of the statute did not, however, change the meaning of the statute. Laws of

1909, ch. 249, § 48; RCW 1.12.020; RCW 1.08.015(2). The common law continued to be the guide to its meaning. *See* Laws of 1909, ch. 249, § 47; RCW 9.01.150; RCW 4.04.010. We conclude, therefore, that the "force or violence" proscribed by RCW 59.12.230 requires that the entry or detainer be accompanied by breach of the peace, or conduct tending to create such breach, with respect to a person or persons on the premises at the time of the entry.

 The essential elements of second-degree burglary here (RCW 9.19.020) are (1) breaking and entering into (2) classes of buildings specified in the statute (3) with an intent to commit a crime therein. *State v. Knizek,* 192 Wash. 351, 73 P.2d 731 (1937); *State v. Trombley,* 132 Wash. 514, 232 P. 326 (1925). It will be noted that, unlike the requirements of RCW 59.12.230, it is not an essential element of second-degree burglary that the entry be accompanied by a breach of the peace, or conduct tending to create such a breach, with respect to a person or persons on the premises. Indeed, the information does not charge such a breach, nor does the evidence show it. It is, therefore, untenable to contend that the offense described in RCW 59.12.230 is one necessarily included in the offense of second-degree burglary, or that the information in the instant case properly charges a violation of RCW 59.12.230. The trial court correctly refused defendant's proposed instruction.

 Appellant next contends that it was error to give instruction 6,[2] which stated that one who unlawfully breaks and enters a building is deemed to have done so with the intent to commit a crime therein unless the breaking and

---

[2]"Every person who, with intent to commit some crime therein, shall break and enter any building, or part thereof, not being lawfully owned or occupied by said person, wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree.

"Every person who shall unlawfully break and enter any such building shall be deemed to have broken and entered the same with intent to commit a crime therein, unless such unlawful breaking and entering shall be explained by testimony satisfactory to the jury to have been made without criminal intent.

"The word 'building' shall include a place where any property is or shall be kept for use, sale or deposit."

entering is satisfactorily explained to have been made without criminal intent. It is asserted that the necessary effect of the instruction is to compel the defendant to take the stand and rebut the presumption, and that such compulsion violates the defendant's Fifth Amendment privilege against self-incrimination. No objection to the instruction was made below; nor did defendant propose an instruction on the matter. Because it is claimed that the instruction invades defendant's constitutional rights, we must, nevertheless, review the question on the merits; appellate review of an instruction which invades a constitutional right of the accused is available even if there was no exception taken thereto at the trial. *State v. Peterson*, 73 Wn.2d 303, 438 P.2d 183 (1968); *State v. East, supra*.

■ The presumption stated in instruction 6 is created by RCW 9.19.030. Its constitutionality was first upheld in *State v. Anderson*, 5 Wash. 350, 31 P. 969 (1892), and more recently in *State v. Reid*, 74 Wn.2d 250, 444 P.2d 155 (1968) and *State v. Durning*, 71 Wn.2d 675, 430 P.2d 546 (1967). The question of whether the statute invades the defendant's Fifth Amendment privilege against self-incrimination was not discussed; all three cases held that the presumption does not unconstitutionally impose upon the defendant the burden of proving his innocence. However, in *State v. Sykes*, 2 Wn. App. 929, 471 P.2d 138 (1970), an identical instruction was attacked on the same constitutional grounds as are urged here, and we held, first, that there was sufficient connection between the fact proved and the fact presumed (intent) to satisfy due process requirements, and second, that the presumption did not violate the defendant's Fifth Amendment privilege against self-incrimination. The reasons need not be reiterated here. We do repeat, however, our suggestion that it would be better not to instruct in the language of the statute and instead to instruct the jury, as we said in *Sykes*, "that the jurors may draw the inference of intent unless the evidence in the case provides a satisfactory explanation otherwise."

█ Appellant finally contends that a statement of his was taken in violation of the standards set forth in *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), and accordingly should not have been admitted in evidence. The statement in question was made after defendant was informed that he was under arrest for suspicion of burglary. Defendant replied "Yeah, or yes, I know." The statement was not made in response to a question, but rather, was volunteered. As was stated in *Miranda:*

> Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.

*Miranda,* 384 U.S. at 478. *Accord: State v. Lister,* 2 Wn. App. 737, 469 P.2d 597 (1970). The statement was therefore properly admitted into evidence.

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.