Judy Schurke Director, Department of Labor Industries PO Box 44000 Olympia, WA 98504-4000
Dear Ms. Schurke:
By letter previously acknowledged, you have requested our opinion on the following question:
Is the Department of Labor and Industries required toinvestigate wage complaints against public employers under the WagePayment Act?
 BRIEF ANSWER
Yes. The Wage Payment Act defines the terms employee and employer, such that public employees and public employers are contemplated under that act. Therefore, the Department of Labor and Industries is required to investigate wage complaints against public employers under the Wage Payment Act.
 BACKGROUND
Your question arises from two different legislative acts, enacted decades apart, but codified in the same RCW chapter. Each of these acts, in turn, cross-references other statutes. A brief background regarding the two acts provides necessary context for the analysis that follows.
In 1935, the legislature permitted the Department to become involved in wage claims between private employers and private employees. In that year, the legislature passed the Collection Of Wages In Private Employment Act, which allowed the Department to investigate and prosecute private employee wage claims. Laws of 1935, ch. 96, §§ 1, 4. The act specifically
[original page 2]
excludes public employees.[1] Laws of 1935, ch. 96, § 5. The act is codified in its present form at RCW 49.48.040 — .070, .080, with RCW 49.48.080 containing the public employee exemption. Pursuant to these statutes, the Department has discretionary authority to investigate wage claims but may not investigate wage claims made by public employees. RCW 49.48.080.
In 2006, the legislature passed an act, entitled Wage Payment Requirements — Violations, commonly known as the Wage Payment Act. The Wage Payment Act is codified at RCW 49.48.082 through .087. Under the Wage Payment Act, the Department is required to investigate wage complaints made by individual employees regarding violations of certain statutes. While the earlier Collections Of Wages In Private Employment Act vested discretion in the Department as to whether to pursue a particular claim, the Wage Payment Act requires the Department to investigate claims. Compare
RCW 49.48.040 (using the discretionary word "may") with
RCW 49.48.083 (using the mandatory word "shall"). However, the Wage Payment Act neither expressly includes nor excludes public employees.
 ANALYSIS
You ask whether the Department must investigate wage complaints by public employees under the Wage Payment Act, even though it was expressly precluded from doing so under the earlier-enacted Collection Of Wages In Private Employment Act. For the reasons that follow, we conclude that it must.
The 1935 legislature expressly prohibited the Department from applying the Collection Of Wages In Private Employment Act to public employees. RCW 49.48.080 (enacted by Laws of 1935, ch. 96, § 5). As currently codified, that statute provides:
 Nothing in RCW 49.48.040 through 49.48.080 shall apply to the payment of wages or compensation of employees directly employed by any county, incorporated city or town, or other municipal corporation. Nor shall anything herein apply to employees, directly employed by the state, any department, bureau, office, board, commission or institution hereof.
RCW 49.48.080.
The Wage Payment Act, enacted in 2006, is codified at RCW 49.48.082 through .087. Laws of 2006, ch. 89. It does not fall within the range of statutes addressed by RCW 49.48.080. Accordingly, the exclusion of public employees from the earlier Collection Of Wages In Private Employment Act does not extend to the recently-enacted Wage Payment Act.
[original page 3]
This becomes clear when we examine the definitions of employee and employer in the Wage Payment Act. That act defines the terms as follows:
 (5) "Employee" has the meaning provided in: (a) RCW 49.46.010 for purposes of a wage payment requirement set forth in RCW 49.46.020 or 49.46.130; and (b) RCW 49.12.005 for purposes of a wage payment requirement set forth in RCW 49.48.010, 49.52.050, or 49.52.060.
 (6) "Employer" has the meaning provided in RCW 49.46.010 for purposes of a wage payment requirement set forth in RCW 49.46.020, 49.46.130, 49.48.010, 49.52.050, or 49.52.060.
RCW 49.48.082(5), (6).
Each of the definitions incorporated by reference in the Wage Payment Act includes public employees. The first of the two definitions of employee "includes any individual employed by an employer but shall not include" specific listed individuals. RCW 49.46.010(5) is attached for ease of reference. Several of the listed individuals excluded from this definition of employee are individuals who might otherwise be considered "public employees." For instance, the definition of employee excludes individuals engaged in forest protection and fire prevention, RCW 49.46.010(5)(h); individuals who hold public elective or appointive offices of the state, any county, city, town, or municipality, or any employee of the state legislature, RCW 49.46.010(5)(l); and all vessel-operating crews of the Washington State Ferries operated by the Department of Transportation, RCW 49.46.010(5)(m). See also
RCW 49.46.010(5)(d), (e). Aside from these specific listed exemptions, the statute does not exclude public employees.
Under the maxim of expressio unius est exclusioalterius — to express one thing in a statute implies the exclusion of the other — omissions are deemed to be exclusions.In re Detention of Williams,147 Wn.2d 476, 491, 55 P.3d 597 (2002). Following this cannon of statutory construction, the express exemption of specific types of public employees implies the inclusion of all other public employees. Thus, for wage complaints made under RCW 49.46.020 and .130, public employees are included within the definition of employee and the Department is required to investigate.
The second definition of employee incorporated by reference in the Wage Payment Act comes from RCW 49.12.005(4). Under this definition, "`[e]mployee' means an employee who is employed in the business of the employee's employer whether by way of manual labor or otherwise." RCW 49.12.005(4). This definition does not separate various types of employees; instead, it refers to a general class of employees. The meaning of a statute must be construed by reading it in its entirety and considering its relation with other statutes.ITT Rayonier, Inc. v. Dalman,122 Wn.2d 801, 807, 863 P.2d 64 (1993). As the general definition of employee refers
[original page 4]
to the employee-employer relationship, it is helpful to consider the definition of employer in determining the meaning of employee. The corresponding definition of employer in the same statutory chapter specifically includes public employers. RCW 49.12.005(3)(b). In fact, the legislature intentionally amended the definition of employer to include "the state, any state institution, state agency, political subdivisions of the state, and any municipal corporation or quasi-municipal corporation." Laws of 2003, ch. 401, § 2. Therefore, the definition of employee for wage complaints made pursuant to RCW 49.48.010, RCW 49.52.050, or RCW 49.52.060 includes public employees.
The definition of employer used for all wage complaints under the Wage Payment Act defines the term to include "any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee[.]" RCW 49.46.010(4). This definition does not explicitly include or exclude public employers. It is worth noting that the legislature chose to use this definition as opposed to the definition in RCW 49.12.005(3)(b), which specifically includes public employers. However, this fact alone is not dispositive as the statute must be construed in its entirety.ITT Rayonier, 122 Wn.2d at 807. Construing the statute in its entirety requires reading the definition of employer with the definition of employee, which, as shown above, includes public employees.
When the legislature enacted the Wage Payment Act, it chose the Wage Payment Act over other proposed legislation, which would have excluded public employees. In construing statutes, proposed legislation may be considered in helping determine the legislature's intent. See In re Marriage of Kovacs,121 Wn.2d 795, 804-09, 854 P.2d 629 (1993) (tracing history of the Parenting Act over several years of proposed legislation and considering legislative history from those prior bills);Buchanan v. Simplot Feeders, Ltd.,134 Wn.2d 673, 688, 952 P.2d 610 (1998) (finding that legislative history regarding failed 1991 legislation amending a statute was relevant to construing intent of identical 1992 amendment that passed).
In the 2003 and 2005 legislative sessions — the sessions directly prior to the enactment of the Wage Payment Act — several bills were proposed that would have amended specific sections of the existing statutory scheme and supplemented various provisions of RCW 49.48. See Substitute S.B. 5240, 59th Leg., Reg. Sess. (Wash. 2005) (amending RCW 49.48.040, .060, and .070; and adding new sections to RCW 49.48); Substitute H.B. 1311, 59th Leg., Reg. Sess. (Wash. 2005); H.B. 1548, 58th Leg., Reg. Sess. (Wash. 2003) (nearly identical to Substitute S.B. 5240 in 2005). The bills proposed in 2005 did not pass. However, the next year, the legislature enacted the Wage Payment Act.
Several differences exist between the bills that did not pass the legislature in 2003 (H.B. 1548) and 2005 (S.B. 5240 and H.B. 1311) and the Wage Payment Act. The most noteworthy difference for our analysis is that S.B. 5240 and H.B. 1548 would have amended the existing statutory scheme, whereas the Wage Payment Act did not amend any existing statutes — it
[original page 5]
created new sections.[2] Substitute H.B. 3185, 59th Leg., Reg. Sess. (Wash. 2006) ("AN ACT Relating to violations of wage payment requirements; adding new sections to [RCW] 49.48; creating a new section; and prescribing penalties."). This fact is significant for the present analysis because the exclusion of public employees, pursuant to RCW 49.48.080, would have continued had S.B. 5240 or H.B. 1548 been enacted, for the ease that the bills amended existing statutes that specifically did not apply to public employees. In enacting the Wage Payment Act, the legislature created new sections and used definitions that included public employees and public employers. The failure of the 2003 and 2005 proposed legislation, and the success of the Wage Payment Act, demonstrate that the legislature did not intend to exclude public employees from the provisions of the Wage Payment Act.
Furthermore, the codification of these new sections as RCW 49.48.082-.087, as opposed to anywhere else in RCW 49.48, does not affect the meaning of the statutes. See
RCW 1.08.013, .015(2); RCW 44.20.060. "[T]he meaning of a statute is determined by the intent of the legislature that enacted it . . . the Code Reviser cannot alter such meaning by the way in which he codifies it." Durrah v. Wright,115 Wn. App. 634, 646, 63 P.3d 184 (2003) (analyzing the history of enactment and codification of quiet title provisions and finding that the Code Reviser's placement of a provision did not alter the meaning); see also State v. Galen,5 Wn. App. 353, 357, 487 P.2d 273 (1971) (holding that the Code Reviser's changing of a position of a statute within the RCW did not change the meaning of the statute).
Based on the statutory framework analyzed above, the Department is required to investigate wage complaints made by public employees.
We trust that the foregoing will be useful to you.
ROB MCKENNA Attorney General
JENNIFER S. STEELE Assistant Attorney General
wros
[attachment — original page 1]
RCW 49.46.010(5)
(5) "Employee" includes any individual employed by an employer but shall not include:
a) Any individual (i) employed as a hand harvest laborer and paid on a piece rate basis in an operation which has been, and is generally and customarily recognized as having been, paid on a piece rate basis in the region of employment; (ii) who commutes daily from his or her permanent residence to the farm on which he or she is employed; and (iii) who has been employed in agriculture less than thirteen weeks during the preceding calendar year;
b) Any individual employed in casual labor in or about a private home, unless performed in the course of the employer's trade, business, or profession;
(c) Any individual employed in a bona fide executive, administrative, or professional capacity or in the capacity of outside salesman as those terms are defined and delimited by rules of the director. However, those terms shall be defined and delimited by the director of personnel pursuant to chapter 41.06 RCW for employees employed under the director of personnel's jurisdiction;
(d) Any individual engaged in the activities of an educational, charitable, religious, state or local governmental body or agency, or nonprofit organization where the employer-employee relationship does not in fact exist or where the services are rendered to such organizations gratuitously. If the individual receives reimbursement in lieu of compensation for normally incurred out-of-pocket expenses or receives a nominal amount of compensation per unit of voluntary service rendered, an employer-employee relationship is deemed not to exist for the purpose of this section or for purposes of membership or qualification in any state, local government or publicly supported retirement system other than that provided under chapter 41.24 RCW;
(e) Any individual employed full time by any state or local governmental body or agency who provides voluntary services but only with regard to the provision of the voluntary services. The voluntary services and any compensation therefor shall not affect or add to qualification, entitlement or benefit rights under any state, local government, or publicly supported retirement system other than that provided under chapter 41.24 RCW;
(f) Any newspaper vendor or carrier;
(g) Any carrier subject to regulation by Part 1 of the Interstate Commerce Act;
(h) Any individual engaged in forest protection and fire prevention activities;
(i) Any individual employed by any charitable institution charged with child care responsibilities engaged primarily in the development of character or citizenship or promoting
[attachment — original page 2]
health or physical fitness or providing or sponsoring recreational opportunities or facilities for young people or members of the armed forces of the United States;
(j) Any individual whose duties require that he or she reside or sleep at the place of his or her employment or who otherwise spends a substantial portion of his or her work time subject to call, and not engaged in the performance of active duties;
(k) Any resident, inmate, or patient of a state, county, or municipal correctional, detention, treatment or rehabilitative institution;
(l) Any individual who holds a public elective or appointive office of the state, any county, city, town, municipal corporation or quasi municipal corporation, political subdivision, or any instrumentality thereof, or any employee of the state legislature;
(m) All vessel operating crews of the Washington state ferries operated by the department of transportation;
(n) Any individual employed as a seaman on a vessel other than an American vessel;
(o) Any farm intern providing his or her services to a small farm which has a special certificate issued under section 1 of this act[.]
[1] In addition, the title states that it relates only to private employment — "Collection Of Wages In Private Employment" — and the statement of purpose confirms that the act "regulate[s] the payment of wages or compensation for labor or service in private employments." Laws of 1935, ch. 96.
[2] Another difference is that the Wage Payment Act requires the Department to investigate wage complaints, while under S.B. 5240 and H.B. 1548 the Department would have had discretion whether to accept a complaint, and whether to investigate a complaint. See RCW 49.48.083; Substitute S.B. 5240, § 3; H.B. 1548, § 3. S.B. 5240 and H.B. 1548 also would have amended RCW 49.48.070 to include complaints of violations of RCW 49.48.010 among those the Department was required to investigate. Substitute S.B. 5240; H.B. 1548, § 3.