[No. 3922-1. Division One. April 19, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD THOMAS BRIAND, JR., *Appellant*.

*Thomas P. Giere,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Ruth A. Nordenbrook, Deputy,* for respondent.

SWANSON, J.—Donald Thomas Briand, Jr., appeals from the judgment and sentence entered following a guilty verdict on a charge of second-degree burglary.

On February 17, 1975, a burglar or burglars used a sharp instrument to break and enter Dave's Jewelry Store in Snoqualmie. Occupants of an adjoining apartment called police, who arrived within minutes and apprehended Briand and one Emil Lee Hazelwood as they came out of the store. The men were arrested, searched for weapons, handcuffed, placed in separate police cars, and taken to the police station. Later that evening items of jewelry identified as having been stolen from Dave's Jewelry Store that night were discovered under the seat of the patrol car in which Hazelwood rode, and a pair of gloves were found on the rear seat of the patrol car in which Briand rode. At trial, Briand testified in his own defense and explained his presence in Dave's Jewelry Store as follows:

A . . . [W]e were walking down the sidewalk past this jewelry store and we observed an individual inside with a bag, going through the jewelry counters. In other words, he was placing items into the bag.

. . .

Q So what did you do then?

A Well, we kept on walking, and then it dawned on us what this guy was doing, and at that time we were right opposite the door. So I was the first one, and I grabbed the door and walked in and said, "Hey, what are you doing?"

. . .

A . . . Hazelwood and I both walked in. . . .

. . .

A . . . He grabbed his bag and ran down and then he ran into the back of the store.

Q Did you go after him?

A I walked down along the counter, and I would say I was three-quarters of the way down, it may be further, I am not sure of that, but he was in the back room making all kinds of noise. I really didn't know what he was doing. Then that is when I looked and seen the police cruiser out front.

Q Where is Hazelwood at this point?

A At that point he turned around and started walking out the door with his hands up.

. . .

Q What happened then?

A I stood there for maybe 30 seconds to a minute and then I also started out the jewelry store door.

■ Briand assigns error to instruction No. 4, which reads,

Every person who, with intent to commit some crime therein, shall break and enter any building, or part thereof, not being lawfully owned or occupied by said person, wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree.

*Every person who shall unlawfully break and enter any such building shall be deemed to have broken and entered the same with intent to commit a crime therein.*

The word "building" shall include every house, shed, boat, watercraft, railway car, tent or booth, whether completed or not, suitable for affording shelter for any

human being, or as a place where any property is or shall be kept for use, sale or deposit.

(Italics ours.) Briand points out that this instruction, which is based on RCW 9.19.030,[1] omits the "satisfactory explanation" portion of the statute, and he claims that the instruction therefore effectively directed a verdict of guilty. We agree, and we reverse and remand for a new trial.

We do not reach the issues dealt with in *Barnes v. United States*, 412 U.S. 837, 37 L. Ed. 2d 380, 93 S. Ct. 2357 (1973); *State v. Odom*, 83 Wn.2d 541, 520 P.2d 152, *cert. denied*, 419 U.S. 1013, 42 L. Ed. 2d 287, 95 S. Ct. 333 (1974); *State v. Rogers*, 83 Wn.2d 553, 520 P.2d 159, *cert. denied*, 419 U.S. 1053, 42 L. Ed. 2d 650, 95 S. Ct. 633 (1974); and *State v. Livengood*, 14 Wn. App. 203, 540 P.2d 480 (1975). In each of these cases, the jury was presented with a *rebuttable* inference.[2] In the case at bench, as in *State v. Peterson*, 73 Wn.2d 303, 438 P.2d 183 (1968), the instruction made a guilty verdict *mandatory* upon the finding of essentially undisputed preliminary facts and removed the only asserted defense from the jury's consideration.

In *Peterson* the defendant pointed a pistol at the victim

---

[1]"Every person who shall unlawfully break and enter or unlawfully enter any building or structure enumerated in RCW 9.19.010 and 9.19.020 shall be deemed to have broken and entered or entered the same with intent to commit a crime therein, *unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent*." (Italics ours.) RCW 9.19.030.

[2]"In the present case the challenged instruction only permitted the inference of guilt from *unexplained* possession of recently stolen property." (Footnote omitted.) *Barnes v. United States, supra* at 845.

"This inference of intent is, of course, rebuttable; but, more important, it is not conclusive even if no attempt is made to rebut it." *State v. Odom, supra* at 545, quoting *State v. Thomas*, 58 Wn.2d 746, 748, 364 P.2d 930 (1961).

"[T]he fact that he was armed with a pistol and had no license to carry the same shall be *prima facie* evidence of his intention to commit said crime of violence." (Italics ours.) *State v. Rogers, supra* at 555, quoting the contested instruction.

The trial court in *Livengood* instructed the jury by quoting the language of RCW 9.19.030, including the "satisfactory explanation" portion of the statute. *State v. Livengood, supra* at 211.

while giving him a "dressing down"; he had apparently started to lower his weapon when it discharged, hitting the victim in the shoulder. At trial the State's theory was that the defendant had committed second-degree assault "[b]y assaulting another person and *willfully* inflicting grievous bodily harm upon him . . ." (Italics ours.) *State v. Peterson, supra* at 304 n.2, and the defendant contended that the shooting was an accident and that he had no intent to injure the victim. The trial court instructed, " '[I]f you believe from the evidence beyond a reasonable doubt that the defendant did inflict grievous bodily harm upon the alleged victim in this case, *then you may presume that he inflicted such harm intentionally.*' " (Italics ours.) *State v. Peterson, supra* at 303 n.1. Noting that the instruction authorized the jury to find that the harm was intentionally inflicted once it found the totally undisputed " 'did inflict grievous bodily harm' " element, the Supreme Court concluded that the instruction unconstitutionally directed a guilty verdict in violation of the defendant's right to a trial by jury. *State v. Peterson, supra* at 305 and 306 n.5.

In the case before us, it was undisputed that Briand broke and entered Dave's Jewelry Store, and the instructions provided the jury no basis upon which to find that the breaking and entry was not unlawful.[3] Briand's only defense was that he broke and entered the store, not to commit a crime, but to investigate the presence of an apparent burglar. The jury was instructed, however, that every person who unlawfully breaks and enters any building in which property is kept for sale "shall be deemed to have broken and entered the same with intent to commit a crime therein."[4] On these facts we find *State v. Peterson* controlling and hold that the giving of instruction No. 4 denied

---

[3]*See generally Bayless v. United States*, 381 F.2d 67, 76 (9th Cir. 1967).

[4]The imperative, "shall be deemed," of this instruction left to the jury even less maneuvering room than did the permissive, "you may presume," language of the constitutionally defective instruction in *Peterson*.

Briand his constitutional right to a trial by jury and compels that his conviction be set aside.[5]

Reversed and remanded for a new trial under proper instructions.[6]

JAMES and CALLOW, JJ., concur.

---

[5]As in *Peterson*, Briand's trial counsel took exception to the defective instruction, but not on the precise ground urged on appeal. Ordinarily, the trial court's attention not having been directed to this error in the instruction at a time when it could have been corrected, we would not consider it, but

> where an instruction invades a constitutional right of the accused (such as the right to a jury trial), it is not necessary, in order to have such error reviewed, that an exception be taken and called to the attention of the trial court.

(Footnote omitted.) *State v. Peterson, supra* at 306.

[6]*See generally* authorities cited in footnote 2; *State v. Galen*, 5 Wn. App. 353, 359, 487 P.2d 273 (1971); *State v. Sykes*, 2 Wn. App. 929, 933-34, 471 P.2d 138 (1970).