[No. 5520–1.   Division One.   July 10, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES MARVIN DEIRO, *Appellant*.

---

*Robert Boruchowitz* of *Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Douglas B. Whalley, Deputy,* for respondent.

JAMES, J.—At jury trial, Charles Deiro was convicted of burglary and attempted rape. We affirm.

The prosecuting witness testified that she answered her door late one evening expecting a visit from a friend. When she realized that Deiro was at her door and not the friend she had expected, she screamed, "No, no. I don't know you," and attempted to keep him out of her apartment. Deiro was able to resist her efforts and force his way into

the apartment. After gaining entrance, Deiro forcibly kissed the prosecuting witness and ran his hands across intimate parts of her body. He voiced his desire to "make love" to her.

The police arrived within a short time, having been called by a neighbor who heard the woman's screams.

Deiro ran out of the apartment and was later apprehended.

Deiro's first assignment of error challenges an instruction based on RCW 9A.52.040. The jury was instructed that:

> Any person who enters or remains unlawfully in a building *may be inferred* to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to the jury to have been made without such criminal intent.

(Italics ours.) Instruction No. 8.

■ Although Deiro did not raise the objection at trial, we "will consider errors raised for the first time on appeal if constitutional issues are involved." *State v. Modica,* 18 Wn. App. 467, 481, 569 P.2d 1161 (1977).

Deiro argues that the instruction unconstitutionally shifts the burden of proof on the element of intent. We do not agree.

■■ The enactment of RCW 9A.52.040 to supersede RCW 9.19.030[1] appears to reflect a legislative response to judicial concern with statutorily–created evidentiary "presumptions." *See Turner v. United States,* 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642 (1970); *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974); *State v. Sykes,* 2 Wn. App. 929, 471 P.2d 138 (1970). As now worded, the statute does not legislatively create a "presumption." It permits an

---

[1]RCW 9.19.030 provided:

"Presumption of intent. Every person who shall unlawfully break and enter or unlawfully enter any building or structure enumerated in RCW 9.19.010 and 9.19-.020 *shall be deemed* to have broken and entered or entered the same with intent to commit a crime therein, unless such unlawful breaking and entering or unlawful entry shall be explained by testimony satisfactory to the jury to have been made without criminal intent." (Italics ours.)

instruction which tells the jury it *may* "infer" a fact. A fact proved by inference is a fact proved by "circumstantial evidence." Circumstantial evidence is not less valid than direct evidence. Often it may be the only evidence concerning a fact in issue.

To authorize a jury to find a fact by inference, however, does not unconstitutionally minimize the prosecution's burden to prove each element of the crime charged beyond a reasonable doubt. Instructions to the jury must be read as a whole. *State v. Thompson,* 88 Wn.2d 518, 564 P.2d 315 (1977); *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976). When read in their entirety, the instructions given at trial advised the jury of Deiro's constitutional presumption of innocence and of the State's burden of proving each element of the crime charged beyond a reasonable doubt.

We observe, however, that the second part of the instruction[2] could confuse a jury under different circumstances. Similar language was held to be a necessary part of an instruction based upon the superseded statute. *State v. Briand,* 15 Wn. App. 352, 549 P.2d 29 (1976). However, when this language is added to an "inference" instruction based upon RCW 9A.52.040, it could be read to imply that intent is to be "presumed" in absence of "evidence satisfactory to the jury." Instruction No. 8.

The "trial court has considerable discretion in how the instructions are worded." *State v. Alexander,* 7 Wn. App. 329, 336, 499 P.2d 263 (1972).

> [I]nstructions should not be so factually detailed as to emphasize certain aspects of a party's case and thus point up or buttress his argument to the jury, but rather should be limited to enunciating basic and essential elements of the legal rules necessary to enable the parties to each present their theories of the case.

*State v. Alexander, supra* at 335.

---

[2] "unless such entering or remaining shall be explained by evidence satisfactory to the jury to have been made without such criminal intent." Instruction No. 8, in part.

The qualifying language, added to the inference instruction, could, in some cases, emphasize the fact that there is no evidence to explain a defendant's intent when unlawfully entering or remaining in a building. When there is no such evidence, the better rule would be to delete the language. In this case, however, Deiro was also convicted of attempted rape, so the jury necessarily found that he entered the dwelling or remained unlawfully with intent to commit that crime. Any error was harmless.

Deiro also contends the court erred in not giving an instruction defining assault. He argues that since the jury found he was not armed with a deadly weapon, it necessarily found he committed an assault. One of these elements is required for a conviction of burglary in the first degree. RCW 9A.52.020.[3] While, technically, Deiro's claim may have merit, it was not raised at trial and will not be considered for the first time on appeal. *State v. Kroll, supra.* Again, any error was harmless since the evidence which permitted the conviction of attempted rape would also permit conviction of an assault of the victim in this case.

Finally, Deiro claims there was insufficient evidence to support these convictions. Our review of the record convinces us there was substantial evidence to support both convictions. *State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971).

Affirmed.

FARRIS, C.J., and DORE, J., concur.

Reconsideration denied August 22, 1978.

Review denied by Supreme Court February 2, 1979.

---

[3]RCW 9A.52.020 provides in part:

"(1) A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person therein."